## Rush *against* Cobbett.

In an action of debt on a judgment in the supreme court of Pennsylvania, the defendant pleaded *nil debet* and *payment.* It was held, that the plaintiff was bound to produce and prove the record of the judgment, or an exemplification thereof.

THIS was an action of debt, on a judgment of the supreme court of the state of Pennsylvania. The defendant pleaded *nil debet*, and payment. The cause was tried before Mr. Justice Lewis, at the New York circuit, the 27th November, 1800.

At the trial, the counsel for the plaintiff contended, that he was not bound to produce the record of the judgment of the court in Pennsylvania; that the pleas of *nil debet* and payment, admitted the record to be, as it had been declared on by the plaintiff, and it was only necessary for him to have the damages assessed by the jury. The defendant's counsel insisted, that it *was incumbent on [\*257] the plaintiff, to produce the record, or an exemplification of it.

The judge decided, that the pleas of *nil debet* and payment admitted the record as declared upon; and that the plaintiff was not, therefore, bound to produce it; and the jury, under his direction, found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial, for the misdirection of the judge.

*Pendleton* and *Riggs*, for the defendant.

*B. Livingston*, contra.

RADCLIFF, J. delivered the opinion of the court. The question is, whether, under the plea of *nil debet*, the record of the judgment in Pennsylvania, ought to have been proved.

1. If the plea of *nil debet* had any effect or operation, I think it was incumbent on the plaintiff to prove the record.

Rush v. Cobbett.

It is the general issue, which admits nothing, and is a total and general denial of the plaintiff's right of action.(a)

2. The question whether the plea was proper, arises on the face of the record, and, if improper, it ought to have been answered by demurrer, or not to have been answered at all, and treated as a nullity. By taking issue upon it, the plaintiff has treated it as a regular and competent plea. Having done this, he cannot afterwards consider it as a nullity, and, on that ground, dispense with proof which would otherwise be required. It is unnecessary here to determine, whether *nil debet*, or *nul tiel record*, is the proper plea to an action of debt on a judgment given in another [*258] state.(b) This would *demand a consideration of the constitution of the United States, and the act of congress (4th article of the constitution, and act of the 26th May, 1790, Laws of the United States, (vol. 1, p. 115,) relating to the mode of proof, and the effect of such judgment, which present a question of considerable moment. We think it sufficient, to decide the present case, that the plaintiff has admitted the propriety of the plea of *nil debet*, by joining issue

(a) Mr. Starkie observes, (2 Stark. Ev. Am. ed. 1830, p. 463,) " Under the plea of *nil debet*, the plaintiff must prove all the material allegations in his declaration, although the plea be an improper one, to which he might have demurred." A familiar illustration of this principle may be found in an action by the sheriff, or his assignee, on a bail bond, where the plaintiff has inadvertently joined issue upon the plea of *nil debet*, instead of having demurred. Although, under non est factum, the plaintiff would only be held to prove the execution in the ordinary way, yet under the former plea he must show the issuing of the writ, the arrest, the execution of the bond, and the assignment, if the action be brought by the assignee. (See 2 Stark. Ev. 139, 140. 2 Phillip's Ev. ed. 1843, p. 166, 168   *Rawlins* v. *Danvers*, 2 Esp. N. P. C.)

(b) [*Old Note.*] In the case of *Post and La Rue* v. *Neafie*, which was an action of debt on a decree of the court of chancery in New Jersey, the defendant pleaded *nul tiel record*; and the court (in January term, 1803,) decided that the plea was improper, and ordered a *repleader* (MS.) (See 1 Caines, 460, 482. 3 Caines, 22, 36. 1 Dal. 188. 2 Dal. 302. Kir. Rep. 119. 1 Wms. Mass. Rep. 401. 3 Term Rep. 733.)

Rush v. Cobbett.

upon it,(a) and that the question on its merits cannot thus be regularly decided.

New trial granted.(b)

(a) [Old Note.] See *Meyer* v. *M'Clean*, 2 Johns. Rep. 183.

(b) In *Mills* v. *Duryee*, (7 Cranch, 483,) the question distinctly arose whether *nil debet* is a good plea to an action of debt brought in the courts of the District of Columbia, upon a record of the supreme court of the state of New York ; and Mr. Justice Story observed—" The decision of this question depends altogether upon the construction of the constitution and laws of the United States. By the constitution it is declared that ' full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state ; and the congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved and' the effect thereof.' By the act of 26th May, 1790, ch. 11, Congress provided for the mode of authenticating the records and judicial proceedings of the state courts, and then further declared that ' the records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from whence the said records are or shall be taken.' It is argued that this act provides only for the admission of such records *as evidence*, but does not declare *the effect* of such evidence when admitted. This argument cannot be supported. The act declares that the record duly authenticated shall have such faith and credit as it has in the state court from whence it is taken. If in such court it has the faith and credit of evidence of the highest nature, viz *record evidence*, it must have the same faith and credit in every other court. Congress have therefore declared the *effect* of the record by declaring what faith and credit shall be given to it. It remains only then to inquire in every case what is the effect of a judgment in the state where it is rendered. In the present case the defendant had full notice of the suit, for he was arrested and gave bail, and it is beyond all doubt that the judgment of the supreme court of New York was conclusive upon the parties in that state. It must, therefore, be conclusive here also. But it is said that, admitting that the judgment is conclusive, still *nil debet* was a good plea ; and *nul tiel record* could not be pleaded, because the record was of another state and could not be inspected or transmitted by *certiorari*. Whatever may be the validity of the plea of *nil debet* after verdict, it cannot be sustained in this case. The pleadings in an action are governed by the dignity of the instrument on which it is founded. If it be a record, conclusive between the parties, it cannot be denied but by the plea of *nul tiel record ;* and when Congress gave the effect of a record to the judgment, it gave all the collateral consequences. There is no difficulty in the proof. It may be proved in the manner prescribed by the act, and such proof is of as high a nature as an inspection, by the court, of its own record, or as an exemplification would be in any other court of the same state. Had this judgment been sued in any other court of New York, there is no doubt that *nil debet* would

Rush v. Cobbett.

have been an inadmissible plea. Yet the same objection might be urged that the record could not be inspected. The law, however, is undoubted that an *exemplification* would in such case be decisive. The original need not be produced. Another objection is that the act cannot have the effect contended for, because it does not enable the courts of another state to issue executions directly on the original judgment. This objection, if it were valid, would equally apply to every other court of the same state where the judgment was rendered. But it has no foundation. The right of a court to issue execution depends upon its own powers and organization. Its judgments may be complete and perfect, and have full effect, independent of the right to issue execution. Were the construction contended for by the plaintiff in error to prevail, that judgments of the state courts ought to be considered *prima facie* evidence only, this clause in the constitution would be utterly unimportant and illusory. The common law would give such judgments precisely the same effect. It is manifest, however, that the constitution contemplated a power in Congress to give a conclusive effect to such judgments. And we can perceive no rational interpretation of the act of Congress, unless it declares a judgment conclusive when a court of the particular state where it is rendered would pronounce the same decision."

This decision was followed in the case of *Hampton* v. *McConnell*, 3 Wheaton, 234. (See also *Mayhew* v. *Thatcher*, 6 Wheaton, 129. *Shumway* v. *Stillman*, 4 Cowen, 292. *Killburn* v. *Woodworth*, 5 Johnson, 37. *Borden* v. *Fitch*, 15 id. 121. *Andrews* v. *Montgomery*, 19 id. 162. *Pawling* v. *Bud's Ex'rs*. 13 id. 192. *Bates* v. *Delavan*, 5 Paige, 305. *Wheeler* v. *Raymond*, 8 Cowen, 311. *Mervin* v. *Kumbel*, 23 Wendell, 293. *Bradshaw* v. *Heath*, 13 Wendell, 407. *Starbuck* v. *Murray*, 5 id. 148. *Shumway* v. *Stillman*, 6 id. 447. *Thomas* v. *Robinson*, 3 id. 257. *Wilson* v. *Niles*, 2 Hall, 358. *Harrod* v. *Baretto*, 1 id. 155. *Armstrong* v. *Carson's Ex'rs*, 2 Dallas, 302. *Phelps* v. *Hother*, 1 id. 261. *Hoxie* v. *Wright*, 2 Vermont, 263. *St. Albans* v. *Bush*, 4 Vermont, 58. *Thurber* v. *Blackbourne*, 1 New Hamp. 242. *Aldrich* v. *Kinney*, 4 Conn. 380. *Bissell* v. *Briggs*, 9 Mass. 462. *Hall* v. *Williams*, 6 Pick. 232. *Curtiss* v. *Gibbs*, 1 Pennington, 399. *Larming* v. *Shute*, 2 Southard, 778. *Goodrich* v. *Jenkins*, 6 Ohio, 44. *Silverlake Bank* v. *Harding*, 5 Ohio, 576. *Wernwag* v. *Pawling*, 5 Gill & Johnson, 500. *Miller* v. *Miller*, 1 Bailey, 242. *Cunningham* v. *Buckingham*, 1 Ohio, 264. *Spencer* v. *Brockway*, id. 124. *Earthman* v. *Jones*, 2 Yerger, 184. *Chipps* v. *Yancey*, Breese, 2. *Clarke* v. *Day*, 2 Leigh, 172. 3 Kent's Comm. 261. *Holt* v. *Alloway*, 2 Blackf. 108. *Evans* v. *Tatem*, 9 Serg. & Rawle, 252. *Field* v. *Gibbs*, Peters' C. C. 155. *Greene* v. *Garmientto*, id. 74. *Bartlett* v. *Knight*, 1 Mass. 401. *Noble* v. *Good*, id. 410. *Keeley* v. *Root*, 11 Pick. 389.)

The judgment of Mr. Justice Story, in *Mills* v. *Duryee*, however, is to be taken with the qualification that the defendant must have had due notice to appear, or must have actually appeared to the suit, or the judgment of another state will not be deemed of any validity. (See 1 Kent Comm. 261, n. (b ) See also per Marcy, J. in *Starbuck* v. *Murray*, 5 Wend. 156.) That the jurisdiction of the court of another state may be inquired into, see *Thurber* v. *Blackbourne*, New Hamp. 246. See *Whittier* v. *Wendell*, 7 id. 257. *Weeks*

v. *Pearson*, 5 id. 324. *Benton* v. *Bergot*, 10 Serg. & Rawle, 240. *Aldrich* v. *Kenney*, 4 Conn. 280. *Curtis* v. *Gibbs*, Penn. R. 405. *Boyers* v. *Coleman*, Hardin, 413. *Killburn* v. *Woodworth*, 5 Johns. R. 37. *Bissell* v. *Briggs*, 9 Mass. R. 462. *Mayhew* v. *Thatcher*, 6 Wheaton, 129.) " It is not," says Chancellor Kent, " to be understood that *nul tiel* record is in all cases the necessary plea, but any special plea' may be pleaded which would be good to avoid the judgment in the' state where it was pronounced." (1 Comm. 261. *Shumway* v. *Stillman*, 4 Cowen, 292.)

It was held in *Thurber* v. *Blackbourne*, (cited *supra*,) that *nil debet* was a good plea to debt on a judgment of another state when it did not appear, by the record, that the defendant had notice of the suit, the judgment being a mere nullity, and not affording *prima facie* evidence of a debt. *Nil debet* is also a good plea to an action of debt upon a judgment of a justice rendered in another state. (*Robinson* v. *Prescott*, 4 New Hamp. 450. *Warren* v. *Flagg*, 2 Pickering, 448. See *Thomas* v. *Robinson*, 3 Wendell, 267.) In *Hall* v. *Baretto*, (1 Hall, 155,) it was held that a special plea in bar of a suit on a judgment in another state to be valid, must deny, by positive documents, every fact which would go to show that the court in another state had jurisdiction of the person or of the subject matter.