BULLIS, Administrator of SALISBURY, <i>against</i> GIDDENS
and BROWN.

*Nil debet* is not a good plea to an action of *debt* on *recognisance,* nor any action founded on a *record* or *specialty.* But where the record or specialty is merely inducement to the action, which is grounded on matter of fact, as in debt for *rent,* for an *escape,* or on a *devastavit,* there *nil debet* may be pleaded

THIS was an action of *debt* on a recognisance of bail. The defendant pleaded *nil debet,* with notice that he

should give in evidence at the trial, that the defendants in the original action had fully paid and satisfied to the plaintiff the amount of the judgment, &c.

To this plea there was a demurrer and joinder in demurrer.

*Foot*, in support of the demurrer.

*Adams*, contra.

*Per Curiam.* This case comes before the court on a demurrer to the plea of *nil debet* to an action of debt on recognisance of bail, and the only question is, whether such a plea is good.

When the specialty or record is but inducement to the action, and matter of fact is the foundation of it, *nil debet* is a good plea; as in debt for rent by indenture, or for an escape, or on a *devastavit*. In these cases the indenture or judgment is but inducement; and the arrears of rent, the escape and *devastavit*, are the foundations of the action. But when the action is grounded on a record or specialty, *nil debet* is no plea. This rule will be found to be fully supported by numerous authorities; (1 *Saund.* 39. n. 3. 2 Ld. *Raym.* 15. 2 *Stra.* 778. 8 *Mod.* 107. note.) and according to which the plea in this case is bad. Whenever the validity of the plea of *nil debet* has been called in question in this court, it has been after trial, where the plaintiff had treated the plea as good, and therefore came too late to question it. (1 *Johns. Rep.* 510. 2 *Johns. Rep.* 183. 2 *Johns. Cas.* 257.) Although this rule may deprive the defendants, in such cases, of pleading the general issue, with notice of special matter under the statute; yet it does not preclude them from pleading specially, any matter which they may have to set up in their defence; and this inconvenience had better be submitted to, than to innovate upon the settled and established rules of pleading.

The plaintiff must, accordingly, have judgment.