---
Tappan *v.* Heath.
---

---

## TAPPAN *v.* HEATH.

To an action of debt on a domestic judgment *nil debet* is no plea, with or without a brief statement setting up special matter.

DEBT on a judgment recovered by the plaintiff against the defendant Heath before the Superior Court for this county, February term 1830, for $625.98 debt or damage, and $8.88 costs.

The principal defendant Heath filed the following plea and brief statement:

"MERRIMACK SS.    COURT OF COMMON PLEAS.    Weare Tappan, Plaintiff, *vs.* David Heath, Principal Defendant, and Benjamin Evans, Trustee. David Heath's Plea. And the said David Heath comes and defends the wrong and injury, when, &c., and for plea says that he owes nothing in manner and form as the said Weare Tappan in his declaration aforesaid thereof against him has alleged; and of this he puts himself on the country.

By his attorney,          JOHN HARRIS."

"And the said David Heath files the following brief statement of facts which he will offer in evidence and prove on the trial of the above issue in defence of this suit: to wit, that after the rendition of the judgment in the plaintiff's declaration aforesaid mentioned, to wit, on the ninth day of February, A. D. 1830, the said Weare

Tappan sued out his writ of execution on the said judgment, and afterward delivered the same to Jonathan P. Dodge, a deputy sheriff of said county of Merrimack, to be by him executed according to the precept thereof; and that the said Jonathan P. Dodge, deputy sheriff as aforesaid, there afterward, to wit, on the twenty-first day of May, A. D. 1830, on and by virtue of the said writ of execution, in pursuance of the order and direction of the said Weare Tappan, took the body of him, the said David Heath, and on the twenty-second day of the same May committed him unto the gaol in Hopkinton, in said county of Merrimack; and that he, the said David Heath, ever since has been and still is holden as prisoner on said writ of execution, by means whereof the said judgment became, was, and is, by law paid, satisfied, and discharged.

DAVID HEATH,
by John Harris, his attorney."

To the above plea the plaintiff demurred, and the defendant joined in the demurrer.

*Tappan & Perley,* for the plaintiff.

*Harris,* for the defendant.

WOODS, J.    To an action of debt upon a judgment the defendant has pleaded *nil debet,* to which the plaintiff has demurred, and the question is, whether such a plea is any answer to the action.

The rule laid down in Williams' Saunders, 1 Saund. 38, note 3, is perfectly decisive upon this point, and seems to be fully sustained by authorities. It is this: "Where the specialty or record is but inducement to the action, and matter of fact is the foundation of it, *nil debet* is a good plea; as in debt for rent by indenture, or for an escape, or on a devastavit, the indenture or judgment is

but inducement, and the arrears of rent, the escape, and devastavit, are the foundations of the actions. But, on the other hand, where the action is grounded upon a record or specialty, *nil debet* is no plea." In *Warren* v. *Consett*, 2 Ld. Raym., 1500, where the subject is discussed, it was held that *nil debet* was no plea in an action founded upon a deed, and the distinction taken in the note to Saunders was in general terms held to prevail. To the same effect is *Bullis* v. *Giddons*, 8 Johns. 82, where the rule from Saunders is cited. *Thurber* v. *Blackbourne*, 1 N. H. 242.

Indeed, this rule of pleading is so perfectly established, that it is not drawn in question in the argument. But it is said, that the statute abolishing special pleading has by implication and of necessity introduced a change. By section 3 of the 187th chapter of the Revised Statutes, it is provided, that "No special plea shall ever be required in any civil action, except a plea of title to real estate before justices of the peace. Either party may give in evidence any matter in support or defence of the action under the general issue, upon filing in court a brief statement thereof within such time as the court may order." This is all that has been enacted upon the subject, and it seems unnecessary to do more than to recite the statute, to show that no such change as is suggested was intended to be introduced into the system of pleading.

To an action of debt on a domestic judgment, *nil debet* is not a proper plea more than is *non assumpsit*. How can the appending of a brief statement make it so ? The statute merely provides that a general plea shall be sufficient to put in issue matters that before required a special plea. It was no part of its design to permit a plea to be filed for such special purposes, that before the statute could not be filed in the action for any purposes whatever. This is the view that was taken in the case of *Bullis* v. *Giddons*, 8 Johns. 82, before referred to. That was an action of debt on a recognizance of bail. The plea was

Tappan *v.* Heath.

*nil debet*, under which a notice of payment was given, and it was held on demurrer that the plea was insufficient. The same point was decided in *Allen* v. *Crawford*, in Belknap county, December term, 1843.

We are, therefore, of the opinion that the plea in this case is bad, and that there must be

*Judgment for the plaintiff on the demurrer.*