By the Court. Sandford, J.
The defendant is permitted to give notice of any matters which if pleaded, would be a bar to the action, whenever he shall plead the general issue, in any action in which such issue may be pleaded, (2 R. S. 352, § 10;) and the principal point presented by the case, is whether nul tiel record pleaded in an action of debt on a judgment, is such a general issue.
The subsequent provision in the same section, extending the privilege of giving a notice to nil debet, pleaded to debt on judgment, and to non est factum in covenant; does not aid the *443 plaintiff, nor does it assist us much in pur inquiry. It is only to foreign judgments, and domestic judgments recovered in courts not of record, that nil debet can be pleaded. The revised statutes extended the notice of defence to this class of cases, without intending to extend the plea of nil debet to cases in which it was not previously a proper plea. (White v. Converse, 20 Wend. 266.) And as the legislature was aiming to enlarge the privilege of giving notice, and expressly conferred it in the action upon judgments in which nul tiel record is not pleadable, it is perhaps a fair inference, that they deemed the latter plea to be a generaloissue in actions on domestic judgments of record.
Previous to the revised statutes, nul tiel record was not a general issue. (Bullis v. Giddens, 8 Johns. 82; Raymond v. Smith, 13 Ibid. 329 ) The reason was, that it was triable by the court at bar, and not by a jury. By the revised statutes, this is changed, and the existence of the record, when denied, is to be tried by a jury as an issue of fact. (2 R. S. 409, § 4 ; Trotter v. Mills, 6 Wend. 512.)
The reason of the former rule no longer exists, and we cannot perceive why the rule itself should continue. The record of the judgment declared on, is the whole basis of the plaintiff’s action. The denial of the existence of the record, puts his whole claim in issue. This, it seems to us, fully answers the description of a general issue.
The courts have repeatedly declared, that the statute authorizing notice of the defence to be given, instead of pleading it, is a remedial act, and should be construed liberally. In Mervin v. Kumbel, (23 Wend. 301,) where this was said by Bronson, J. he added, “ I think the statute meant to, turn the plea of nul tiel record into a general issue upon the original cause of action.” He was, it is true, speaking of the plea when put in by a joint debtor, not served with process in the original suit; but if it were a general issue to the original cause of action, it surely could be no less to the action properly founded upon, and supported by the judgment.
In Wilmarth v. Babcock, 2 Hill, 195,) the court said a partial defence might be given in evidence on the trial upon the issue of nul tiel record ; which could not be so unless that plea was *444 the general issue. This plea is ranked as a general issue in the books of practice, since the revised statutes. (Graham’s Pr. 196, 198 ; Burrill’s Pr. 164.)
Our conclusion is, that the notice of special matter was properly appended to the plea of nul tiel record, and that the evidence in support of it was correctly admitted on the trial.
We have no doubt that the proof was competent under the notice, and sufficient to establish the defence. (Miller v. Smith, 16 Wend. 425.)
Motion for new trial denied.