ALONZO D. FARNSWORTH AND OTHERS, EXECUTORS, ETC.,
RESPONDENTS, *v.* GEORGE W. EBBS, IMPLEADED, ETC.,
APPELLANT.

*Code,* § 399 — *Personal transaction or communication — when party prohibited from
testifying as to.*

In an action brought to foreclose a mortgage, given to the plaintiffs' testator by
the defendants, G. W. Ebbs and Maria Ebbs, his wife, the defendant G. W. Ebbs
interposed an answer setting up the defense of usury, and his wife appeared in
the action but did not answer. At the trial, Maria Ebbs testified as to a conver-
sation which took place at an interview between the plaintiffs' testator, her hus-
band and herself, which resulted in the making of the loan secured by the
mortgage in question. Subsequently the referee struck out all this testimony.
Upon appeal, *held*, that the evidence was properly stricken out as inadmissible
under section 399 of the Code.

A party to an action cannot testify as to a conversation had with a deceased
person in which he participated, even though at the time of the conversation
he had no interest in the subject thereof, or his interest therein was not
discussed.

APPEAL from a judgment in favor of the plaintiffs, entered
upon the report of a referee.

The facts are stated in the opinion.

*Grover Cleveland,* for the appellant, cited *Birdsall* v. *Patterson*
(51 N. Y., 43); *Simmons* v. *Sisson* (26 id., 264); *Lobdell* v.
*Lobdell* (36 id., 327); *Hildebrant* v. *Crawford* (6 Lans., 502);
*Card* v. *Card* (7 Trans. App., 146).

*Thomas Corlett,* for the respondent, cited *Hatch* v. *Peugnet*
(64 Barb., 190); *Lyon* v. *Snyder* (61 id., 172); *Simar* v. *Canady*
(53 N. Y., 298); *Minier* v. *Minier* (4 Lans., 421).

GILBERT, J.:

This is a suit brought by the executors of Samuel Ward,
deceased, to foreclose a mortgage given to their testator by the
defendants, George W. Ebbs and his wife, Maria. The defendant,
George W. Ebbs, and another defendant, who is a junior mortgagee,
set up the defense of usury. The defendant, Maria, appeared in

the suit, but did not answer. No bond or other evidence of debt accompanied the mortgage. Upon the trial, Maria Ebbs was admitted as a witness to prove the usury. She testified that she went with her husband to Mr. Ward's house, to get the money which was loaned, and that they found Mr. Ward at home. She then detailed the conversation which ensued, and which is relied on to prove the usury, and then stated that the mortgage was executed at the office of Mr. Nichols, after which the money loaned, except a small sum which was paid afterward, was handed to her husband, and by him passed to her. She also stated " that the money was what we talked of most of the time, all of us taking some part in the conversation." No other witness was sworn. Thereupon the referee, on motion of plaintiffs' counsel, ordered that all the testimony of the witness, Maria Ebbs, as to the conversation at Mr. Ward's house and Mr. Nichol's office, be stricken out; and the defendant, George W. Ebbs, excepted.

Nothing of any legal import occurred in the conversation at the office of Mr. Nichols. The only material question, therefore, is, whether Mrs. Ebbs was a competent witness to prove the conversation which took place at Mr. Ward's house. The Code* provides that no party to an action, nor any person interested in the event thereof, shall be examined as a witness, in regard to any personal transaction or communication between the witness and a deceased person. The fact that Mrs. Ebbs was the wife of the co-defendant, on whose behalf she testified, was not sufficient to exclude her.† Nor did the facts, that she was a party to the suit, and interested in the event thereof, render her incompetent.‡ She was a competent witness, but it was not permissible to examine her, as to the " personal transaction or communication " prohibited by section 399 of the Code. That the conversation related by her, comes within this prohibition, we think satisfactorily appears. She went with her husband to negotiate the loan, and participated throughout in that negotiation. She is one of the parties to the only instrument taken as security for the loan. It is not probable that the loan would have been made, unless she had executed the mortgage. Although, therefore, her interest in the mortgaged premises was

* § 399.  † Laws 1867, chap. 887; Birdsall v. Patterson, 51 N. Y., 43.
‡ Code, § 390, 398.

only an inchoate right of dower, and her execution of the mortgage operated only as a release of that interest, yet the security would not have been perfect, if she had not participated in the transaction, by executing the mortgage. The principle would not be changed by considering that her husband was the actual borrower. The test of the prohibition, contained in section 399 of the Code, is not whether the interests of the witness were the subject of the transaction or communication. Cases will often arise, when a witness cannot be permitted to testify to a transaction or communication, in which he had at the time no interest. For example, when an admission has been made, respecting property of which the witness afterward became the owner; or when the witness acted for another in a transaction, in the subject of which he afterward acquired an interest; or when a loan is negotiated by A, in a conversation between him and the lender, in which B participates, and the negotiation is consummated at the same time, by A's giving the lender his note, indorsed by B for A's accommodation; or, as in the case before us, when the transaction and communication were personal ones between the witness, who had some interest in them, and another person, more directly and specially interested.

Such cases are very different from those cited by the appellant, in which it was held that the hearing of a communication is not a transaction had personally between the deceased and a party,* the distinction being between a conversation exclusively between others, which the witness overheard, and one in which he himself participated.

We are of opinion that the ruling of the referee was correct, and that the judgment should be affirmed with costs.

Judgment affirmed, with costs.

* Simmons v. Sisson, 26 N. Y., 264; Lobdell v. Lobdell, 36 id., 327; Hildebrant v. Crawford, 6 Lans., 502.