# SUPREME COURT

### OF THE

## STATE OF NEW YORK.

---

## FOURTH JUDICIAL DEPARTMENT.

### GENERAL TERM, OCTOBER, 1874.

---

### FARNSWORTH v. EBBS.

*Evidence — wife competent witness in action against husband — personal transaction with deceased person.*

In an action by the executors of a mortgagee to foreclose a mortgage where the defense was usury; *held*, (1) that the wife of the mortgagor who signed the mortgage was a competent witness for defendant, but (2) her inchoate right of dower rendered her interested in the event of the suit, so as to disqualify her under the Code, § 399, from testifying to a personal transaction with the testator.

APPEAL by the defendant George W. Ebbs, from a judgment in favor of plaintiffs, entered upon the report of a referee.

The action was brought in Genesee county by Alonzo D. Farnsworth and others, executors of the last will of Samuel Ward, deceased, against George W. Ebbs and Maria P. Ebbs, his wife, and others, to foreclose a mortgage executed by the defendants Ebbs to plaintiff's testator. The defense was usury. The only material question involved in the case arose upon the ruling of the referee striking out the testimony of the defendant Maria Ebbs, as to certain con-

versations between defendant George W Ebbs and testator in relation to the case and the part she herself took in the transaction. Other material facts appear in the opinion.

*Bass & Bissell* and *Grover Cleveland*, for appellant, cited *Birdsall* v. *Patterson*, 51 N. Y. 43 ; *Simmons* v. *Sisson*, 26 id. 264 ; *Lobdell* v. *Lobdell*, 33 How. 348; S. C., 36 N. Y. 327 ; *Hildebrant* v. *Crawford*, 6 Lans. 502 ; *Card* v. *Card*, 7 Trans. App. 146.

*Thomas Corlett*, for respondents.

GILBERT, J.   This is a suit brought by the executors of Samuel Ward, deceased, to foreclose a mortgage given to their testator by the defendants George W. Ebbs and his wife, Maria P. Ebbs.   The defendant George W. Ebbs and another defendant, who is a junior mortgagee, set up the defense of usury.   The defendant Maria P. Ebbs appeared in the suit, but did not answer.   No bond or other evidence of debt accompanied the mortgage.   Upon the trial the defendant Maria P. Ebbs was admitted as a witness to prove the usury.   She testified that she went with her husband to Mr. Ward's house to get the money which was loaned, and that they found Mr. Ward at home.   She then detailed the conversation which ensued, and which is relied on to prove the usury, and then stated that the mortgage was executed at the office of Mr. Nichols, after which the money loaned, except a small sum which Ward paid afterward, was handed to her husband, and by him passed to her.   She also stated " that the money was what we talked of most of the time, all of us taking some part in the conversation."

No other witness was sworn.   Thereupon the referee, on motion of plaintiff's counsel, ordered that all the testimony of the witness as to the conversation at Mr. Ward's house and Mr. Nichols' office be stricken out, and the defendant George W. Ebbs excepted.

Nothing of any legal import occurred in the conversation at the office of Mr. Nichols.   The only material question, therefore, is whether Mrs. Ebbs was a competent witness to prove the conversation which took place at Mr. Ward's house.   The Code, § 399, provides that " No party to any action or proceeding, nor any person interested in the event thereof,   *   *   *   shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination

deceased * * * against the executor," etc. The fact that Mrs.
Ebbs was the wife of the co-defendant on whose behalf she testified
was not sufficient to exclude her. Laws of 1867, chap. 887; *Birdsall*
v. *Patterson,* 51 N. Y. 43. Nor did the fact that she was a party to
the suit, and interested in the event thereof, render her incompetent.
Code, §§ 390, 398. She was a competent witness; but it was not per-
missible to examine her as to the " personal transaction or commu-
nication," prohibited by section 399 of the Code.

That the conversation related by her comes within this prohibi-
tion, we think, satisfactorily appears. She went with her husband
to negotiate the loan, and participated throughout in that negotia-
tion. She is one of the parties to the only instrument taken as
security for the loan. It is not probable that the loan would have
been made unless she had executed the mortgage. Although, there-
fore, her interest in the mortgaged premises was only an inchoate
right of dower, and her execution of the mortgage operated only as
a release of that interest, yet the security would not have been per-
fect if she had not participated in the transaction by executing the
mortgage.

The principle would not be changed by considering that her
husband was the actual borrower. The test of the prohibition con-
tained in section 399 is not whether the interest of the witness was
the subject of the transaction or communication. Cases will often
arise when a witness cannot be permitted to testify to a transaction
or communication in which he had, at the time, no interest. For
example, when an admission has been made respecting property of
which the witness afterward became the owner, or when the wit-
ness acted for another in a transaction, in the subject of which he
afterward acquired an interest, or when a loan is negotiated by A
in a conversation between him and the lender, in which B partici-
pates, and the negotiation is consummated at the same time by A
giving the lender his note indorsed by B for A's accommodation,
or as in the case before us, when the transaction and communica-
tion were personal and between the witness, who had some interest
in them, and another person more directly and specially interested.

Such cases are very different from those cited by the appellant,
in which it was held that the hearing of a communication is not a
transaction had personally between the deceased and a party (*Sim-
mons* v. *Sisson,* 26 N. Y. 264; *Lobdell* v. *Lobdell,* 36 id. 327;
*Hildebrant* v. *Crawford,* 6 Lans. 502), the distinction being be-

tween a conversation exclusively between others which the witness overheard, and one in which he himself participated.

We are of opinion that the ruling of the referee was correct, and that the judgment should be affirmed, with costs.

*Judgment affirmed.*