EDWARD E. ERWIN, Respondent, *v.* FRANCIS ERWIN and Others, Appellants.

*Personal transaction with a decedent — what constitutes a participation in a conversation — the wife of the plaintiff, in an action for the specific performance of a contract to convey land, is an interested person.*

In an action brought to enforce the specific performance of a parol promise to convey land, made by a party deceased at the time of the bringing of the action, the wife of the plaintiff is an interested party within the provision of section 829 of the Code of Civil Procedure, and is incompetent to testify to a personal transaction between herself and the deceased.

*Steele* v. *Ward* (30 Hun, 555); *Simar* v. *Canaday* (53 N. Y., 298) followed; *Witthaus* v. *Schack* (105 id., 332) distinguished.

The plaintiff and the witness (his wife) were seated on the sofa in the residence of the owner (since deceased) of the land, when the deceased turned toward the plaintiff and his wife and said, as testified to by the wife: "Edward, my son, I have at last got that sixty odd acres that I wanted to add to your farm. I give you the whole farm, I want you to go on it and live. I will help you to build a house and barn. You may have all you make off that farm, and when I die it shall be yours, but I will keep the title in my own hands while I live that you shall neither burden it nor lose it in my lifetime." He told him (Edward) to

improve and fix it up; go on it and improve and fix it up, "I will help you build a house and barn." To this Edward replied, "That is all right, I agree to that."

The wife stated that she took no part in the conversation.

*Held,* that the wife was a party to this transaction within the spirit and meaning of the statute.

That it was impossible to suppose that the witness did not give some signs by her actions, or the expression of her countenance, which were recognized by the deceased as a sign that the witness assented to the arrangement which he proposed to make for her husband, that he might establish a home for himself and family; that by means of these signs she became a participant to the conversation which rendered her incompetent as a witness.

APPEAL by the defendants from a judgment entered in the Steuben county clerk's office August 18, 1888, on the decision of the Steuben Special Term in an action brought for the specific performance of a parol promise to convey land. The decision directed a conveyance of the premises to the plaintiff by those of the defendants in whom the title was vested at the time of the commencement of the action.

*George T. Spencer,* for the appellants.

*A. Hadden,* for the respondent.

BARKER, P. J.:

The plaintiff is the son of the late Francis E. Erwin who died in the year 1887. As early as 1853 the decedent was the owner of the premises, consisting of 250 acres of farm land, the title to which remained in him until a few months before his death.

The plaintiff's case, as alleged by him in his complaint, is, that in the year 1853 the plaintiff and his father entered into an oral agreement, whereby it was agreed that if the plaintiff would enter into the possession of the premises in question, cultivate and improve the same as his own, the same should be the lands of the plaintiff; but that the title to the same should remain in the said Francis E. Erwin during his lifetime, and that he, the said Francis, would, at the time of his death, give, convey, devise or transfer the said lands and premises to the plaintiff, so that the plaintiff should have the title to the said lands at the death of his father, to which the plaintiff assented; that in pursuance of the aforesaid arrangement the plaintiff entered into the immediate possession of the said premises, with the consent of his father, and lived upon and occupied the premises as a home for himself, claiming that he had equitable title thereto under and in

pursuance of the said agreement; and that he in all respects kept and observed every material promise on his part.

In his lifetime and in the year 1887, a few months before his death, the decedent conveyed the premises, vesting the fee thereof in the defendant Francis Erwin, who is also a son of the deceased. The deceased left a last will and testament, in which he made provision for the support of the plaintiff during his lifetime, the character of which it is unnecessary to mention. At the time of the making of the alleged agreement the plaintiff was married, and his wife was living at the time of the trial, and she was called and examined as a witness in his behalf and gave evidence, tending to prove that the decedent made the parol agreement to convey, which the plaintiff is seeking to enforce.

Without her evidence as to the terms of the agreement it is doubtful whether the plaintiff made a case entitling him to relief, at least it appears by the record that she gave the only direct evidence as to the terms of the agreement between the plaintiff and his father. At that time the plaintiff had been married less than a year, and he and his wife were living with his father as members of his family. The only question which we have deemed it necessary to discuss in disposing of this appeal relates to the competency of this evidence under the Code of Civil Procedure. The provisions of the Code applicable to this question may be abbreviated and stated as follows:

"Section 829. Upon the trial of an action * * * a party or a person interested in the event * * * shall not be examined as a witness in his own behalf or interests · * * * against * * * a person deriving his title or interest from, through or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person."

The title which the defendant, Francis Erwin, claims to have in the lands in question, and which he is seeking to protect against the plaintiff's claim of title, was derived from his deceased father, and it is thus conceded that one of the circumstances exists which it is necessary should appear to sustain the objection of incompetency on the part of the witness. Was the witness interested in the event of the action? The cases of *Steele* v. *Ward* (30 Hun, 555) and *Simar* v. *Canaday* (53 N. Y., 298) are sufficient authorities, in

support of the appellant's position, that she was directly interested in the event of the action, and that the judgment, if allowed to stand, would be competent evidence to prove the nature and character of such interest in the premises. Her husband, by the force of the judgment, becomes seized of an estate in fee of the premises, and the witness, his wife, has also a claim of an inchoate or contingent right of dower therein which the law recognizes as property possessing some pecuniary value.

The late case of *Witthaus* v. *Schack* (105 N. Y., 332) is not in conflict with the proposition that an inchoate right of dower in lands is a claim of value, and can only be extinguished with the consent of the wife of the owner of the fee. That case decides that the wife has no estate in the lands, during the lifetime of her husband, which she can convey; that her inchoate right of dower is but a contingent claim, incapable of transfer by grant or conveyance, susceptible only during its inchoate state of extinguishment, and when she joins her husband in a deed of his lands that act on her part does not constitute her a grantor of the premises; and that the grantee does not derive any title to the premises conveyed through, from or under the wife, but simply secures an extinguishment of her contingent right of dower.

The chief disputation arises over the next question, which is, did the evidence which the witness was permitted to give relate to a personal transaction or communication between herself and Francis E. Erwin, the defendant's grantor? This is to be tested by the witness' own statements as to the circumstances under which she was present and heard the conversation which she related, which was substantially as follows: The evening the agreement was made the family, including Mr. Erwin and his wife, the plaintiff and the witness, were in the parlor, and she and her husband were seated on a sofa, when Mr. Erwin turned towards the plaintiff and herself and said, using the exact language of the witness: "Edward, my son, I have at last got that sixty-odd acres that I wanted to add to your farm; I give you the whole farm; I want you to go on it and live; I will help you to build a house and barn; you may have all you make off that farm, and when I die it shall be yours, but I will keep the title in my own hands while I live, that you shall neither burden

it nor lose it in my lifetime. He told him (Edward) to improve and fix it up; go on it and improve it and fix it up; I will help you build a house and barn." To this Edward replied, "Pa, that is all right; I agree to that." She also stated that her husband and his father that evening drew the plan for a house. The witness also stated that she took no part in the conversation for the reason that Mr. Erwin did not like her, and she was afraid that if she spoke he would be angry and oppose the arrangement.

It seems plain that Mrs. Erwin was a party to that transaction within the spirit and meaning of the statute, although she was not named as a party to the agreement. The arrangement was wholly a family affair, and was manifestly intended that the farm should be a future home for the plaintiff and his family; a gift by the father to his son in the nature of an advancement, with an understanding that the title should be secured to the donee by a provision in the last will and testament of the donor. It was a term of the arrangement or agreement that, at some time in the future, the title to the premises should be conveyed to the plaintiff, and whenever that should take place, then, by operation of law, the witness would have an inchoate right of dower in the premises, which would have a pecuniary value of which she could not be deprived without her consent. The judgment decrees a specific performance of the agreement, testified to by the witness, and, if carried out and fully performed, would vest in her an interest in the premises of the nature and character already mentioned. Mr. Erwin, in his offer to give and convey the farm to his son as a homestead, really and doubtless intentionally, addressed himself to all the members of his family then present, including the witness, so as to give his remarks the character of a conversation between himself and the witness. Although it must appear that the conversation or transaction sought to be excluded under the statute was a personal one, it need not have been private or confined to the witness and the deceased, nor need the witness have been pecuniarily interested in the transaction at the time he participated in the conversation.

In *Holcomb* v. *Holcomb* (95 N. Y., 316), the following general rule was formulated: The policy of the statute excludes the evidence of an interested witness concerning (1) any transaction between himself and the deceased person, or in which the witness

in any manner participated; (2) all communications between the person deceased and the witness, including communications in the presence or hearing of the witness, if he in any way was a party thereto, or communications to either of one of two or more persons, if all were interested.

In commenting upon these rules, the court remarked: "Each of these species of testimony is as much opposed to the spirit and intent of the statute as the other. If the proposed witness has asked a question of the decedent, and it is answered, it is a conversation; if while the decedent is conversing with a third person the witness by word or sign participates in it or is referred to, it is evidence of what occurred and cannot be received." The witness admits that she was present and listened to the conversation, and also substantially admits that she participated in it within the sense and spirit of the statute. Although she says she did not take any part in the conversation, she gives as a reason for her silence, that. Mr. Erwin did not like her and she was afraid of making him angry if she said anything, and that he would then oppose the arrangement. That she was desirous that the arrangement should be completed, and was present, giving strict attention to what was said and done, is admitted; and her interest in the negotiations must have been observed by Mr. Erwin, and satisfied him that she was satisfied with the proposed agreement. It is impossible to suppose that the witness did not give some sign by her actions, or the expression of her countenance, which was recognized by Mr. Erwin as a sign that the witness assented to the arrangement which he proposed to make for her husband that he might establish a home for himself and family. By means of these signs she became a participant in the conversation, which rendered her incompetent as a witness.

In view of the particular features presented by this case, which, in our opinion, made the witness incompetent, under the provisions of section 829, it is unnecessary to refer to the cases cited by the respondent, which laid down the general rule that the provisions of the Code do not preclude a party or an interested witness from testifying to the statements of a deceased person made to a third person, in the hearing of the witness, and to distinguish this case, as it readily may be, from the cases referred to, it is so manifest that the appellants were prejudiced by incompetent evidence, that a new trial

must be granted, without considering the strength of the plaintiff's case upon the legitimate evidence offered and received by the trial court.

The judgment should be reversed and new trial granted, with costs of this appeal to abide the final award of costs.

DWIGHT, J., concurred ; MACOMBER, J., not sitting.

Judgment reversed and new trial granted, with costs to abide the final award of costs.