### ERWIN *v.* ERWIN *et al.*

*(Supreme Court, General Term, Fifth Department. January, 1892.)*

SPECIFIC PERFORMANCE—VERBAL AGREEMENT TO CONVEY LAND.

Where it was verbally agreed between plaintiff and his father that, if plaintiff would enter into possession of the father's farm and cultivate and improve it as his own, it should belong to him, the title to remain in the father during his life, and at his death to pass to plaintiff by deed or will, and plaintiff complied with his part of the contract, but the father, a few months before his death, conveyed the farm to another son, plaintiff is entitled to compel a conveyance by such grantee to him.

Appeal from special term, Steuben county.

Action by Edward E. Erwin against Francis Erwin and others. Judgment for plaintiff. Defendants appeal. Affirmed. For former report, see 7 N. Y. Supp. 365.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*J. F. Parkhurst,* for appellants.   *Frederick Collin,* for respondent.

LEWIS, J. The action was brought to compel Francis Erwin and others, as grantees of Francis E. Erwin, deceased, of a farm in Steuben county, to convey to the plaintiff such farm in fulfillment and performance of a parol agreement of Francis E. Erwin, deceased, with the plaintiff. A former trial of the action was had, which resulted in a decision and judgment in favor of the plaintiff, and upon appeal the judgment was reversed, and a new trial granted, because of an error in the admission of evidence. 7 N. Y. Supp.

365. The new trial has been had, and resulted in a decision and judgment in favor of the plaintiff. The trial court found that there was a parol agreement entered into between Francis E. Erwin, deceased, the father of the plaintiff, and the plaintiff, in the year 1853, by the terms of which it was agreed that, if the plaintiff would enter into the possession of the farm in controversy, and cultivate and improve it as his own, that it should belong to the plaintiff, the title to remain in the father during his life-time, and that at his death he would convey or devise to the plaintiff, and that the plaintiff entered into possession of the farm, and made valuable and permanent improvements thereon, and in all respects kept and performed his part of the agreement, and that he never abandoned the contract or the premises. There was evidence tending to prove these facts thus found by the trial justice. The testimony of many of the plaintiff's witnesses is open to the criticisms made by the appellants' counsel, but the witnesses were before the trial justice. He saw them, and observed their manner of giving their evidence. If the facts testified to by these witnesses were true, the plaintiff was entitled to the relief demanded in his complaint. There was, we think, ample testimony to sustain the findings of the trial court. There was evidence tending to show that the plaintiff abandoned the premises and the contract. This was controverted by the testimony of the plaintiff. There was sufficient evidence to sustain the finding of the trial court in favor of the plaintiff upon this claim of the defendants. We find no reason for disturbing the judgment. It should be affirmed, with costs of the appeal against the appellants.

All concur.