(13 App. Div. 490.)

ECKERT v. ECKERT et al.

(Supreme Court, Appellate Division, Fourth Department. January 27, 1897.)

WITNESSES—COMPETENCY—CONVERSATION WITH DECEDENT.

     A wife has, by reason of her dower rights, an interest in the event of an action involving her husband's title to lands (Code Civ. Proc. § 829), which disqualifies her from testifying, in support of her husband's title, as to conversations with a decedent through whom the husband claims.

Action by George H. Eckert against John S. Eckert and others to partition lands. There was a verdict in favor of defendants, and plaintiff moves for a new trial, on exceptions ordered heard in the first instance at general term. Granted.

This action is brought to partition certain premises, consisting of a farm situate in the town of Throop, in the county of Cayuga, the title to which was held jointly by Solomon P. Eckert and Eliza, his wife, who were the grandparents of the plaintiff, and the parents of the defendant John S. Eckert, and both of whom died before the commencement of this action. The plaintiff, in his complaint, alleges that he is the owner of an undivided one-half interest in the premises, as tenant in common with his uncle, John S. Eckert; but the defendant avers that, at the time of the death of his parents, he was in possession of the premises in question, claiming title to the same under a parol contract alleged to have been made between him and his father and mother during their lifetime, by the terms of which it was agreed that if he would remain upon the farm, and work it, and take care of his parents until the death of the survivor of them, the farm should be his. In his answer, he alleges due performance of such contract upon his part, and insists that, in consequence thereof, he became the owner of the entire premises.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Teller & Hunt, for plaintiff.

Wright & Cushing, for defendants.

ADAMS, J. The sole question presented for our consideration upon this motion relates to the competency of the evidence of the defendant's wife, Anna L. Eckert, who was called as a witness in behalf of her husband, and was permitted to testify to a conversation which she claims to have overheard between her husband and his parents some 20 years prior to the trial, and which, if true, tended very strongly to support the contract upon which the defendant rests his claim of title. This witness, upon being asked to relate the conversation, was, before being permitted to do so, subjected to a preliminary examination by the plaintiff's counsel, in which she said that the only persons present during the interview were her husband, his father and mother, and herself. She was then asked who took part in the conversation, and replied: "My husband and his people." The following questions were then put to her: "Q. What were you doing at that time? A. I presume I said something. Q. Took part in the conversation? A. Yes, sir." The counsel for the plaintiff then objected to the evidence sought to be obtained from this witness, upon the ground that it involved a transaction between a deceased party and the defendant, in which the witness, who is the defendant's wife, and has an interest in the action, participated. The objection was overruled, to which ruling an excep-

43 N.Y.S.—23

tion was duly taken. The witness thereupon testified: "They said they did not want him to go. They wanted him to stay there; and, if he would-stay there, they would give him the place. He was to have the place if he would stay there, and take care of them as long as they lived. My husband said he would stay. He has stayed ever since. His father did the talking mostly. I don't remember what I said. * * * If I said anything, it was that I wanted to go. I know I have said that. * * * I don't remember whether at that time I said I did not want to stay, but probably I did." At the conclusion of the witness' examination, the plaintiff's counsel moved to strike out so much of her testimony as related to the conversation between her husband and his parents, upon the same ground as before stated, which motion was denied, and to the decision of the court the counsel again excepted.

We are clearly of the opinion that error was committed by the learned trial justice in admitting the evidence of this witness, over the objection of the plaintiff's counsel, and in refusing to strike out the same after it had been received. Mrs. Eckert is not only a party to the action, but she is directly interested in its result; for, if her husband is able to maintain his contention, he establishes his title to the entire premises sought to be partitioned, instead of to an undivided one-half interest therein, as tenant in common with the plaintiff. It is obvious, therefore, that his wife's inchoate dower right in the premises will be increased twofold by her husband's success. And this interest is sufficient to disqualify her as a witness against the plaintiff to any conversation or transaction with deceased parties from whom both parties to the action claim to have derived their title. Erwin v. Erwin, 54 Hun, 166, 7 N. Y. Supp. 365; Hoffman v. Hoffman (Sup.) 18 N. Y. Supp. 387.

It is insisted, however, that, even conceding the witness' interest, she was, nevertheless, a competent witness, for the reason that she was detailing a conversation between her husband and his father in which it is claimed she did not participate; and the attention of the court is directed to the case of O'Brien v. Weiler, 140 N. Y. 281, 35 N. E. 587, as authority for the defendant's contention. We think, however, that it is not difficult to distinguish that case from the one under consideration. In the case cited, the witness testified to an interview between a father and his daughter, of which she was a silent auditor; and it was apparent that the transaction detailed by the witness was in no wise participated in by her, as the interview related to a matter between the father and daughter, with which the witness had little, if any, concern; but here Mrs. Eckert was manifestly quite as much interested in the conversation she attempted to relate as was her husband, and although, upon being recalled to the stand, she stated that she did not participate therein, such statement was virtually nothing more than her own conclusion, which was subsequently somewhat modified upon cross-examination by her admission that what she had testified to the day previous was true. Indeed, it is scarcely credible, when we consider the interest which this witness had in the subject-matter of the conversation between her husband and his father, and which

confessedly involved her remaining upon the farm contrary to her own desire, that she did not give expression to her wishes, and thus to some extent, at least, take part in the conversation. It is impossible to read her evidence without being impressed with the belief that the declarations testified to were directed to the witness just as much as to her husband; and, this being so, the case comes directly within the letter, as well as the spirit, of section 829 of the Code of Civil Procedure. In re Dunham, 121 N. Y. 575, 24 N. E. 932; In re Bernsee, 141 N. Y. 389, 36 N. E. 314; Ditmars v. Sackett, 92 Hun, 384, 36 N. Y. Supp. 690. Obviously, the evidence of Mrs. Eckert must have had great weight with the jury, as she was the only witness sworn as to the interview upon which the defendant rests his contention; and its admission cannot, for this reason, be treated as a harmless error, and one which may be disregarded upon this motion.

The motion for a new trial is therefore granted, with costs to abide the event. All concur.