### GAMBEE et al. v. GAMBEE et al.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

1. TRANSACTIONS WITH DECEDENTS—TESTIMONY OF INTERESTED PARTIES—ADMISSIBILITY.

Testimony of interested parties to conversations between a deceased grantor and others, tending to show the mental incapacity of the decedent, are not admissible under Code Civ. Proc. § 829, in an action to set aside a deed for undue influence, although the declarations made to or by the witnesses in the course of such conversations are excluded.

2. APPEAL—EQUITABLE ACTIONS—EFFECT OF INCOMPETENT TESTIMONY.

On appeal in an equitable action, the admission of incompetent testimony will not be disregarded when it is impossible to say that it did not influence the trial judge in his conclusions.

Appeal from special term, Seneca county.

Action by Edgar E. Gambee and others against Millard F. Gambee and others to set aside a deed. From a judgment for plaintiffs, defendants appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Frederick L. Manning, for appellants.
J. N. Hammond, for respondents.

ADAMS, J. The plaintiffs bring this action to set aside a deed executed by Joseph B. Gambee to his son, the defendant Millard F. Gambee, upon the ground that at the time of its execution the grantor was mentally incompetent to execute a conveyance of his property, and that while in this condition he was unduly influenced by the grantee. Upon the trial, Susan A. Dey, a daughter of the grantor, was sworn as a witness in behalf of her co-plaintiffs, and testified to an interview between her father and mother, and to certain acts and declarations of the former which tended to prove a very decided impairment of his mental faculties. This evidence was objected to by the defendants' counsel, as incompetent, under section 829 of the Code of Civil Procedure; but the objection was overruled by the court, to which ruling the defendants' counsel duly excepted.

'Thereafter Mary F. Gambee, who was also a plaintiff, and the wife ·of Edgar Gambee, a son of the grantor, was called to the stand as a witness for the plaintiffs; and she, in like manner, over the defend-.ants' objection and exception, was permitted to detail a conversation between Joseph B. Gambee and his daughter Mrs. Eliza Bainbridge, which took place in the presence and hearing of this witness. The ·character of this interview can best be understood by quoting briefly from the record. Mrs. Gambee testified:

"I was helping take care of Mr. Gambee, and my husband came up, and ·came in, and sat down by the sitting-room stove. Mrs. Bainbridge and I were in the bedroom at the time, and my husband spoke; and Mr. Gambee asked who that man was, and Mrs. Bainbridge says, 'It is Edgar.' 'Who ·is Edgar?' he says. She smiled, and says, 'Don't you know your own boy, pa?' He hesitated, 'My boy? I haven't got any boys,' he says. I says, ·'Why, pa, you have three boys.' 'No; I never had any boys.'"

It is perfectly apparent from the evidence of these witnesses that they participated to a greater or less extent in the conversations which they severally attempted to narrate; and, although the learned trial ·court was careful to exclude any declarations made either to or by the witnesses, we are persuaded that the evidence as a whole was in-·competent, for the reason that, within the rule as it is now settled, the witnesses, who, as we have seen, were parties to the action, and interested in its result, were actual participants in the transactions .as to which they were permitted to testify. It was at one time thought to be entirely competent for a party interested in the result ·of an action to testify to a conversation between a deceased party and .a third person which had taken place in his presence, so long as his testimony was limited to what was not personal between himself and the deceased. Simmons v. Sisson, 26 N. Y. 264; Lobdell v. Lobdell, 36 N. Y. 327; Cary v. White, 59 N. Y. 336. But this rule of evi-·dence has been somewhat modified of late years. To illustrate: In a case which is very frequently cited, it was held that the description by an interested witness of the acts of a deceased person which tended to prove the insanity of that person was within the inhibition of section 829, although the witness was a silent spectator of the acts which he had observed. Holcomb v. Holcomb, 95 N. Y. 316. And we believe it to be now well settled that such a witness is disqualified from giving evidence of an interview between a deceased party and a third person where the witness took any part in the conversation, even though the portion of the interview in which he participated constitutes no part of, or is wholly eliminated from, his testimony. Holcomb v. Holcomb, supra; In re Will of Eysaman, 113 N. Y. 62, 20 N. E. 613; In re Dunham, 121 N. Y. 575, 24 N. E. 932; In re Bern-·see's Will, 141 N. Y. 389, 36 N. E. 314; Eckert v. Eckert, 13 App. Div. 490, 43 N. Y. Supp. 353; Ditmars v. Sackett, 92 Hun, 384, 36 N. Y. Supp. 690.

This being an equitable action, we should feel at liberty to disregard the error which was committed in the admission of the objectionable evidence to which reference has been made were we able to satisfy ourselves that it worked no serious harm to the defendants; but, as has been stated, it bore with great directness and no little force upon the principal issue in the case, and it is impossible to say

that it was not an important factor in influencing the mind of the learned trial justice to reach the conclusion he did.    We conclude, therefore, that justice requires the case to be retried.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.    All concur.