WM. R. MCKEAN, *et al.*, v. ANNA R. MASSEY, *Adm'x*, *etc.*

PARTY; WITNESS; *Competency of, when opposite Party is Legal Representative of a Deceased Person.* Section 322 of the code does not prohibit a party sued by an administratrix for a debt due the deceased from testifying as to any question raised by the issues, where such testimony is not in respect to any transaction or communication had personally by such party with the deceased person.

*Error from Linn District Court:*

THE administratrix of the estate of A. B. Massey, deceased, brought suit against *Wm. R. McKean*, *Horace B. Smith*, and

seven others, as partners, upon an alleged indebtedness to her intestate, which accrued "between the 2d day of August 1857, and the 20th of July 1859," for services rendered for defendants in Linn county. Among the defenses set up in the answer was a general denial. The answer was not verified. The case was tried at the April Term 1871. The defendants offered said *Horace B. Smith*, one of the defendants, as a witness. Plaintiff objected, on the ground that he was not a competent witness in the case. The objection was sustained—and this is the principal error assigned. The plaintiff had judgment, and defendants bring the case to this court for review.

*J. P. Usher*, for plaintiffs in error:

Did the court err in refusing to permit Smith to testify as a witness? Sec. 322 of the code, under which the witness was excluded, is special, and was not intended to entirely exclude a party from testifying on his own account in any case where an executor, administrator, etc., is a party. It was competent for Smith to have testified that Massey was absent from the state at the time the plaintiff alleged and offered proof that he, Massey, was employed in Linn county by defendants; or, that Massey, being in Linn county, was not engaged in the service of the defendants, but that the supposed service was rendered for one (the witness for example,) and not for all the defendants; or, that the defendants were not engaged in the transaction of any partnership business in the state of Kansas, as alleged in the petition, in which the supposed service was rendered; or, that the defendants were residents of and within the state all the time after the action accrued, and so made the statute of limitations a bar. Can there be any doubt the party witness could have testified to these facts?

There were many facts he could prove. He could testify as expert to the handwriting of the deceased. He could testify that the services and money, alleged to have been performed and paid, were not paid and rendered for all the

defendants but for one or more of them other than the witness, and that he witnessed the payment for such service. Because the plaintiff sued many, alleging that they were partners, and that allegation not denied under oath, it does not follow that every promise made by one of the partners was made in behalf of all; and if such promise was proved, it would be competent for the defendants to prove by one of the partners that the partners were not engaged in the business for and on account of which the promise was made. Suppose the defendants could have shown by other witnesses that Massey, in his lifetime, had appointed an agent to settle with the defendants, and receive payment: could not the defendants prove by Smith settlement and payment to such agent?

The opinion of the court was delivered by

KINGMAN, C. J.: The exceptions in this case raise but one question, and that is; Can a defendant be a witness in his own behalf, in an action brought by an administratrix for indebtedness due the deceased in his lifetime? This question is presented very broadly by the record. It is not whether such a person may testify as to a particular class of facts, but whether he may in such a case be a witness at all in his own behalf. The fact of a person being a party interested does not prevent him from being a witness in his own behalf. But § 322 of the code provides in what causes a party shall not testify in his own behalf, and among other causes rendering his testimony incompetent is this, that he shall not be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person. Subject to this restriction a party in such a case as this is allowed to testify in his own behalf. If the case presents any issues on which the party offered may testify, without necessarily testifying in respect to any transaction or communication had *personally* with the deceased, then the court erred in refusing to permit him to testify. The issues present many points upon which the party might have testified without any

violation of the restrictions of § 322, of which may be mentioned, according to the pleadings, the indebtedness for which the action was instituted, which was created between August 2d, 1857, and July 20th, 1859. To avoid the effect of the statute of limitations the petition avers that the defendants had all the time, from the accruing of the indebtedness to the commencement of the action, been out of the state. This statement is controverted by the general denial in the first clause of the answer. The party offered as a witness might have testified to essential facts on this issue, without touching upon any communication or transaction with the deceased. Again, he might have testified as to any transaction between defendants and an agent of the deceased. The law has not restricted the party from testifying as to communications or transactions between the parties except where such communications or transactions were *personal*. In New York, under a similar provision of the code, so far as the point we are discussing is concerned, it has been held that a party may, as a witness, testify as to a conversation heard by the witness between the deceased and a third person: *Simmons, Adm'r, v. Sisson*, 26 N. Y., 264, 267. All that is necessary to decide in this case is, that, under the issues formed, there were points upon which the party defendant who was offered as a witness was competent to testify. In refusing to permit him to testify at all, the court committed an error, for which the judgment must be reversed, and a new trial ordered. All the Justices concurring.