T. J. CLARY, *et al.*, v. A. E. SMITH, *as Adm'r, &c.*

1. PARTY, AS WITNESS; *Competency, Where Adverse Party is Administrator.* A party to a suit, though the adverse party is the administrator or executor of a deceased person, is competent as a witness in his own behalf to testify to essential facts in issue, not relating to any transaction or communication had *personally* by the witness with the intestate, or testator.

2. EVIDENCE; *Relevancy; Date of Note.* Where the date of a promissory note in suit is 15th December 1873, and it is claimed by a party defendant that the note was in fact executed on the 15th of December 1872, and that the date in the note is a mistake, and the note on its face is payable six months after date, and such defendant claims that the note was in fact paid when due, (which was six months before the date at which it purports to have been executed,) the testimony of an indorser of such note, that he indorsed such note at the place of its date in the state of Kansas, at or about the time claimed by the maker as the date of execution, and that he was absent from the state during all the time for a period commencing some three months before the date appearing on the note and extending some five months beyond such date, is competent, as tending to show a mistake in the date of the note, and thus support and corroborate other testimony given tending to show payment thereof, as alleged by the maker of the note, and is relevant to the issue joined; and it is error to reject such testimony.

*Error from Wilson District Court.*

ACTION by *Smith*, as administrator. Trial at May Term 1876 of the district court. Findings and judgment for plaintiff, and against *Clary* and *Ferguson*, defendants. Defendants bring the case here on error. All necessary facts and proceedings are stated in the opinion.

*Hudson & Short,* for plaintiffs in error.

*C. C. Chase,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was brought in the court below by A. E. Smith as the administrator of the estate of Jonathan Pierce, deceased, against Clary and Ferguson, plaintiffs in

error, to recover on a promissory note of $352 given by them in the lifetime of said Pierce. The answer alleged that the note was executed on December 15th *1872*, instead of its date, viz., December 15th *1873*, as set forth in the petition; that the note was executed to take up a former note which fell due on December 15th 1872, and that the note sued on was paid in full to Jonathan Pierce in his lifetime; the note is as follows:

"On or before the 15th of June, I promise to pay Jonathan Pierce three hundred and fifty-two dollars, for value received of him this December 15th 1873.        T. J. CLARY."

Indorsed on the back, *"John H. Ferguson."*

The claim of the defense was, that in August 1872, Clary executed to Pierce his promissory note of the date of August 6th 1872, for $320, due in four months and ten days after date, with interest after maturity, and that said Ferguson was a guarantor on that note; that when the note became due, in December 1872, a new note, (the one sued on,) was given for the purpose of taking up or renewing the same; that Pierce charged twenty per cent. on the money he loaned, and on the renewal of his notes; that there was added to the amount of the first note $32 as interest on $320 for six months at twenty per cent., and the amount of the first note and this interest aggregated $352, the face of the new note; that by mistake the new note was dated December 15th *1873*, instead of December 15th *1872*, its true date; that Clary paid the note, about June 1st 1873, personally to Jonathan Pierce, and that this note was not then given up because Pierce could not find it, and told him he thought it was lost, but promised to give him a receipt against it, which he failed to do.

The case was tried by the court, a jury having been waived, and special findings of fact and of law were made and filed. Certain testimony was rejected, and this is the cause of complaint which we are called upon to consider. To show the materiality of the evidence held incompetent, and which the court refused to receive on behalf of the plaintiffs in error, it is necessary to state something of the proof presented. After

the defendants had produced in the court below the original note of August 6th 1872, they called as a witness one Philip Beard, who testified that—

"He was well acquainted with Jonathan Pierce for some years before his decease, and knew T. J. Clary and J. H. Ferguson. In June 1873, he was riding near the Fall river, in the timber between Mr. Clary's and Mr. Pierce's, and came upon Jonathan Pierce and T. J. Clary. They were sitting by a leaning tree. Mr. Pierce had in his hand, when he rode up, a roll of bills, or paper money, which he seemed to have just finished counting. He laid out a roll of the money which he (Pierce) said was three hundred dollars. He then looked over a smaller roll, but witness didn't remember how much he said there was in it, and he didn't know how much was in the small roll; thought about forty or fifty dollars. Mr. Pierce counted the money again after witness stopped, and said the amount was correct. Pierce said to Clary during the conversation, that he did not know where his (Clary's) note was, but thought it was lost, and if he did not find it in a few days he would give him a receipt against the note. Pierce further said then to Clary, that the first, or old note, was lost or eaten up, and he supposed it would never be found, as it had been lost so long, (and I think he said he had no doubt but it was eaten up by the hogs.) Pierce took the money he was counting when he (witness) came up, and about the time of separating of the parties said again that he would give Mr. Clary a receipt against the note in a few days, if he could not find the note. He (Pierce) said that he would perhaps meet Clary in Fredonia in a few days. This was about June 1st 1873."

Thereupon, John H. Ferguson gave the following testimony:

"I am one of the defendants in this case." [ *Witness was here shown note marked "A," the note sued upon.* ] "I know this to be my signature to or on this note. I signed it in the latter part of the year 1872. I was in Fredonia when it was presented to me for my signature by Mr. T. J. Clary, the other defendant. There was no one present at that time but Mr. Clary and myself. I signed the note at the instance and request of Mr. Clary, for Mr. Clary's accommodation. I cannot be positive as to the date, but am confident it was in December 1872. I know it was in the latter part of 1872. This note was signed by me to take up another note that I

had signed with Mr. Clary in favor of Mr. Pierce, due on that day, or about that time. I remember well that the note which this was intended to take up was just due, or just about due, within a few days. I think the note was due the day I signed. I never signed but two notes for Clary in favor of Mr. Pierce. I signed this note in Fredonia, Wilson county, Kansas. I never signed any note with Mr. Clary after the last of the year 1872. I left Kansas on the 29th of September 1873, and went to Indiana. I remained in Indiana until the middle of April 1874. I never saw this note from the day I signed it until this time." [ *Witness was here shown paper marked "B," (the old note,) and said:*] "This is the note I mentioned as the first note I signed with Mr. Clary, and it is the note I signed the note 'A' to take up. I signed this note for Mr. Clary's accommodation. This note was presented to me by Mr. Clary. There was no one present when I signed this note, that I remember, but Mr. Clary. I never saw or heard of the note after I signed it until lately, except when I signed note 'A' to take it up."

*Cross-Examination:* "I don't know of my own knowledge that the note sued upon has been paid. I did not say that the note sued upon was executed on the 15th day of December 1872. I said I thought that it was executed the day the first note became due. I know that I did not sign the note on the 15th of December *1873*. I did not write the note. It was written when presented to me."

*Re-direct:* "I supposed the note to be dated the day I signed it. If the note was intended to be set forward *a year*, or *any time*, I knew nothing about it."

Evidence was also offered from R. M. Foster a member of the banking firm of Foster & Co., of Fredonia, who stated, that—

"In May 1873, T. J. Clary deposited with his (Foster's) banking-house $1,700, and had on call-deposit during the entire year, at the very lowest, $200, and most of the time much more; that on May 29th 1873, Clary drew out of the bank $400 of his own money; that all of Clary's money was on call-deposit; that the bank paid no interest on such deposits, and that Clary was not paid anything on the money he had in the bank; that he had no money in the bank December 15th *1872*, but had in the bank December 15th *1873*, $800, and had this money there for a long time thereafter."

After the testimony of Ferguson had been given, as above quoted, counsel for plaintiff in error moved that all such testimony be stricken out, and such motion was held under advisement. When the testimony was all in, and the parties had rested, the motion of the counsel for the administrator, that Ferguson's testimony be stricken out, was sustained, and thereupon the whole of Ferguson's testimony was stricken out. The court, in its conclusions of law, held that the note sued on by its terms was payable on the 15th of June *1874*, and that parol testimony was not admissible to show that a different time of payment was intended, and gave judgment for the defendant in error for $397.17, and costs.

The ruling of the court in rejecting and striking out the evidence of Ferguson from the case was erroneous. Two questions are presented: *first*, whether Ferguson, being a party to the suit, was a competent witness, when the adverse party was an administrator, and the suit was instituted and prosecuted by him in that official relation for the estate of Jonathan Pierce, deceased? *second*, was the evidence material or relevant? Sec. 322 of the civil code provides —

"No party shall be allowed to testify in his own behalf, in respect to any transactions or communications had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir-at-law, next of kin, surviving partner, or assignee of such deceased person, where they have acquired title to the cause of action immediately from such deceased person," etc.

In *McKean v. Massey*, 9 Kas. 602, this court held, that "the fact of a person being a party interested, does not prevent him from being a witness in his own behalf;" and that "the law has not restricted such a party from testifying as to communications or transactions between the parties *except* where such communications or transactions were personal." If any portion of the evidence of Ferguson related to essential facts in issue, without touching upon any communication or transaction had by him *personally* with the deceased Pierce, such portion of the testimony should not have been stricken out. The fact that he left Kansas in September 1873, and

remained in Indiana until the middle of April 1874; that he signed the note sued on in December 1872, at the instance of Mr. Clary, and in his presence alone, and that he never. signed but two notes for Clary, and both of these in the absence of Pierce, and that the two notes presented to him were those then signed, was not testimony in respect to any transaction or communication had *personally* between Ferguson and Pierce; and if otherwise competent should have been received and considered. We also think the evidence itself material and relevant. Beard gave evidence tending to show the payment of certain money to Pierce by Clary in June 1873, in satisfaction of a note; and it was claimed by the plaintiffs in error, that such moneys were received in payment of the note in suit. If this note was not signed until December 15th 1873, (its date,) then the evidence of Beard was either false, or had no relation to the note set forth in the petition. It became material and important to show that it was signed in December 1872, as claimed by the answer. If the note was signed by Ferguson in Kansas, and he was absent from the state from the 29th of September 1873 to the middle of April 1874, it could not have been signed at *its date,* December 15th 1873, by him. As the parties defendant in the court below could not be witnesses to their transactions and communications *personally* with Pierce, the deceased, the circumstance of Ferguson's absence from the state in 1873 and 1874, and the other matters related by him, having no reference to any transactions or communications had personally by him with the deceased, should have been examined and considered. The purpose of this testimony was not to prove by parol a different contract than the one stated in writing, nor to affect the note, which was complete in its terms, but to support the proof tending to show payment. Whether the note was due in June 1873, or 1874, the payee had the right to accept payment at any time in full satisfaction. But if the note was not signed till December 15th 1873, there could have been no payment of the same in June 1873; and in this view, the court, to have been consistent,

should have rejected the evidence of Beard. The court below must have either assumed that under the statute Ferguson was not a competent witness, or that the plaintiffs in error were seeking to reform the contract by changing its terms. In either light, the court erred, as the witness was competent, and the evidence of the date of the note and the signing of the same was in support of the defense of payment. We do not mean to intimate that this testimony, in connection with all the other testimony introduced by the plaintiffs in error, should have resulted in a judgment for such parties; but as it tended to prove the defense, it should not have been stricken out. The weight of the evidence and the credibility of the witnesses are with the trial court.

We may observe that the court rightfully rejected the evidence attempted to be presented from Campbell and others, that Mr. Pierce in his lifetime, charged twenty per cent. interest on money loaned, and when he renewed notes, as the evidence was not relevant. The plaintiffs in error were properly confined to the interest charged on the money included in the notes given by them to Pierce, and had no right to affect their case by showing the rate of interest collected by him from other parties.

For the error committed in rejecting the testimony of Ferguson, the judgment of the district court is reversed, and the case remanded for a new trial.

All the Justices concurring.