McCartney v. Spencer, *Ex'r.*

2. Fence, want of, sufficiently alleged.

---

JOHN H. MCCARTNEY v. JAMES M. SPENCER, *Executor, &c.*

COMPETENCY OF WITNESSES; *Sections 319, 320, 322, 323 of the Code Construed.* Section 319 of the civil code prescribes the rule as to the competency of witnesses, and §§ 322 and 323 furnish the exceptions; and all that was intended to be accomplished by § 320 was to prevent § 319 from repealing or modifying, by construction or implication, any of the laws then existing relating to the settlement of the estates of deceased persons, or infants, idiots, or lunatics, or the attestation of certain in-

struments; and it was not intended that § 320 should prescribe the rule, or the exceptions, as to the competency or incompetency of witnesses; hence, in an action against an executor of an estate, the executor, the devisee and legatee, and the husband or wife of the devisee or legatee, may be witnesses for some purposes, in favor of the estate, and are competent witnesses in all cases, unless made incompetent by other sections of the statutes than said § 320.

### Error from Shawnee District Court.

ACTION upon a promissory note, brought by *McCartney* against *Spencer*, as executor of the last will of Sarah E. Watterson. At the August Term, 1880, of the district court, the defendant obtained an order granting a new trial, which order the plaintiff brings to this court for review. The opinion states the facts.

*Davis & Jetmore*, for plaintiff in error.

*Wm. P. Douthitt*, and *A. H. Case*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced originally in the probate court on a promissory note, by John H. McCartney, the alleged payee of the note, against James M. Spencer, executor of the last will and testament of Sarah E. Watterson deceased, who was the alleged maker of the note. The claim of the plaintiff was allowed in the probate court, and the defendant took an appeal to the district court. In the district court the case was tried before the court and a jury. The plaintiff introduced his evidence, which tended to prove the issues on his part, and rested. Whereupon the defendant offered to introduce evidence tending to prove the issues on his part, (the main defense of the defendant being that the said Sarah E. Watterson, deceased, never executed said note, but that the said note is a forgery;) but the court below excluded it. The defendant offered to introduce the following witnesses in sucession, to wit: Mrs. Amacetta Goheen, the sole devisee and legatee of the said testatrix's estate; J. R. Goheen, the husband of said Amacetta Goheen; and James M. Spen-

cer, the defendant in the action.   The plaintiff objected to all these witnesses, on the ground of incompetency, claiming that the first was incompetent on account of interest; that the second was incompetent because he was the husband of a person who was interested in the event of the suit; and that the third was incompetent because he was a party to the suit, and also interested in the event of the suit.   The court sustained the objections, and no one of these witnesses was allowed to testify. The jury found a verdict in favor of the plaintiff, and against the defendant, on the promissory note.   Afterward the defendant moved for a new trial, and the court below sustained the motion, and granted the new trial, solely "because of error in ruling out said witnesses and each of them for incompetency, and not otherwise."   The plaintiff then brought the case to this court for review.

The only question to be determined by this court is, whether the court below erred in granting the new trial; and involved in this question is this other question: was any one of said witnesses a competent witness?   For if any one of said witnesses was a competent witness, for any purpose in the case, then the court below did not err in granting the new trial, but would have erred if it refused to grant it.   Section 319 of the civil code provides: "No person shall be disqualified as a witness in any civil action or proceeding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; but such interest or conviction may be shown for the purpose of affecting his credibility."   Section 320 of the civil code provides: "Nothing in the preceding section contained shall in any manner affect the laws now existing relating to the settlement of estates of deceased persons," etc.   Section 321 of the civil code provides for compelling the adverse party to testify. Sections 322 and 323 prescribe exceptions to and limitations upon the broad and general provisions of § 319 — they prescribing particularly who shall be incompetent to testify.   It seems to be admitted by the plaintiff that, except for said § 320, said witnesses would be competent to testify in the case,

and with regard to various things: for instance, with regard to the handwriting of the deceased; with regard to McCartney's acts and admissions; with regard to their own personal knowledge of the alleged forgery; and with regard to Mrs. Watterson's disability to execute the note. But it is claimed by the plaintiff that said § 320 renders said witnesses wholly incompetent to testify in this case. And it is necessary for the plaintiff to make this broad and sweeping claim in order to reverse the judgment of the court below; for if any one of said witnesses was competent to testify to any material fact in the case, then the ruling of the court below granting the new trial was correct.

We think that this court has tacitly declared in several cases that said § 320 does not have the effect that the plaintiff claims for it. (*Anthony v. Stinson*, 4 Kas. 211; *McKean v. Massey*, 9 Kas. 600; *Clary v. Smith*, 20 Kas. 83; *Jaquith v. Davidson*, 21 Kas. 341.) It is said, however, by the plaintiff that the supreme court has never construed said § 320. This is true, in one sense, for the supreme court has never referred to said section in terms or by its number; but the supreme court, however, has decided several cases in which the decisions would be erroneous if we should give to said § 320 the construction given to it by the plaintiff. Indeed, the supreme court has heretofore decided all questions with regard to the competency or incompetency of witnesses in cases where an executor or an administrator was a party without referring to said § 320, and as though said § 320 did not affect the question in the least; and it must not be supposed that the supreme court overlooked said § 320, but it must be presumed that the supreme court did not consider that said § 320 had anything to do with the question. And this we shall now state expressly and affirmatively. (*Raab's Estate*, 16 Ohio St. 273, 279, 280, 281.) Sec. 319 of the civil code prescribes the rule as to the competency of witnesses, and § § 322 and 323 furnish the exceptions; and all that was intended to be accomplished by § 320 was to prevent § 319 from repealing or modifying by construction or implication

5 — 26 KAS.

any of the laws then existing relating to the settlement of estates of deceased persons, or infants, idiots, or lunatics, or the attestation of the execution of certain instruments; and it was not intended that § 320 should prescribe the rule or the exceptions as to the competency or incompetency of witnesses. Section 728 of the civil code is very similar in some of its provisions to said § 320. It provides that "until the legislature shall otherwise provide, this code shall not affect proceedings to assess damages for private property taken for public uses, nor proceedings under the statutes for the *settlement of estates of deceased persons*, nor proceedings under statutes relating to apprentices, bastardy, insolvent debtors, or any special statutory remedy, not heretofore obtained by action; but such proceedings may be prosecuted under the code whenever it is applicable." When the code of civil procedure was enacted the laws relating to the settlement of estates of deceased persons were almost, if not entirely, statutory. The common law with reference to the matter had but little, if any, application to the subject. *Indeed, we never had a common-law procedure for the settlement of estates in Kansas*, and it was not intended by the enactment of § 320 to *adopt* the common-law procedure or any other procedure or law, and make it applicable where it was not applicable before. It was not intended by the enactment of said section to *create* rules for the settlement of the estates of deceased persons, or even to *adopt* rules from other cases and make them applicable to the settlement of such estates. But it was simply intended by the enactment of said section to *preserve* the rules already in force *governing* in the settlement of such estates, and governing in the other things mentioned in the section. It must be remembered that at common law the estates of deceased persons were settled by ecclesiastical courts, and not by the probate courts, as they have always been in Kansas; and the procedure in the ecclesiastical courts was very different from that of any of the courts of Kansas. When the code of civil procedure was enacted in this state, we had statutes regulating the jurisdiction and procedure of

probate courts, and also regulating the powers and duties of executors and administrators; and said § 320, so far as it relates to the settlement of the estates of deceased persons, was simply enacted for the purpose of prescribing that § 319 should not, by construction or implication, repeal or overturn any of the special provisions of the statutes governing the settlement of estates of deceased persons. The object of the section was not to furnish a rule or exceptions with regard to the competency or incompetency of witnesses, but was simply to enact that all of the provisions of the statutes relating to the settlement of estates of deceased persons, etc., should remain in force, although constructively or impliedly § 319 might possibly have the effect to repeal some of them. This construction of § 320 accounts for the fact that the supreme court has never before construed, or been asked to construe, the provisions of the section. It was thought that the section had no application to the question of the competency or incompetency of witnesses in the ordinary trial of cases.

We think the court below, in granting the new trial, construed the section correctly; and therefore the order of the court below granting the new trial will be affirmed.

All the Justices concurring.