RICHARD HARRINGTON *vs.* GEORGE F. SAMPLES.

December 17, 1886.

Chattel Mortgage—Parol Evidence to show Real Consideration and Discharge of Obligation.—A chattel mortgage in terms securing the contemporary promissory note of the mortgagor may, for the purpose of showing that it has been discharged, be shown by parol evidence to have been really given as collateral security for a pre-existing debt, and as indemnity for the making of an accommodation note with the mortgagor, and that the principal obligation of the mortgagor, which the mortgage was intended to secure, has been performed.

Witness—Testimony concerning Transaction with Deceased Person. One of the parties to a contract having died, the statute (Gen. St. 1878, c. 73, § 8) does not exclude the testimony concerning the contract of one not a party to the action, nor interested in the event of the same; nor does it render the surviving party to the contract an incompetent witness except as to conversations with or admissions of the deceased party.

Plaintiff brought this action in the district court for Houston county, to recover possession of personal property taken from him by defendant. The defendant justified the taking under a chattel mortgage of the property made by plaintiff to one Bogan, by whose assigns defendant was employed to take the property. This mortgage bore date January 12, 1883, and purported to secure the payment of two promissory notes of the same date, and other notes, which the answer alleges were due and unpaid when defendant took the property. In his reply the plaintiff alleged payment of the two notes of even date with the mortgage, and that the other notes secured by the mortgage were some of them given as collateral security for outstanding real-estate mortgage notes which were afterwards satisfied and paid by foreclosure of the real-estate mortgage, and the remaining chattel-mortgage note was given to indemnify the mortgagee against liability assumed in becoming surety for plaintiff on a note afterwards paid by plaintiff.

At the trial, before *Farmer*, J., the court excluded oral evidence to prove the averments of the reply, the mortgagee, Bogan, being dead. A verdict was directed for defendant, and the plaintiff appeals from the judgment.

*James O'Brien*, for appellant.

*P. J. & E. H. Smalley*, for respondent.

DICKINSON, J. The question is here presented whether, in an action by a mortgagor of chattels to recover the property from the mortgagee, who had taken it under the mortgage, the mortgagor may show by parol evidence the facts that, although the mortgage in terms secures contemporary promissory notes of the mortgagor therein described, yet the mortgage and notes were really given for the purpose of securing a pre-existing debt of the mortgagor to the mortgagee, and also to indemnify the mortgagee on account of the making of certain notes for the accommodation of the mortgagor; and that the obligations of the mortgagor, for which the mortgage was intended as security, have been fully performed.

The rule against contradicting or varying the terms of a written instrument by parol evidence did not exclude the evidence offered for the purpose of showing the real consideration for which the mortgage security was given, and that it had been *discharged* by the perform-

ance of the obligations to secure which it had been executed. *Chester* v. *Bank of Kingston*, 16 N. Y. 336; *Juilliard* v. *Chaffee*, 92 N. Y. 529; *Truscott* v. *King*, 6 N. Y. 147, 161; *McKinster* v. *Babcock*, 26 N. Y. 378; *Bank of Utica* v. *Finch*, 3 Barb. Ch. 293, (49 Am. Dec. 175;) *Walters* v. *Walters*, 12 Ired. Law, 28, (55 Am. Dec. 401;) *Crossman* v. *Fuller*, 17 Pick. 171; *Shirras* v. *Caig*, 7 Cranch, 34, 50; *Brick* v. *Brick*, 98 U. S. 514. And see *Jones* v. *Rahilly*, 16 Minn. 283, (320;) *Minor* v. *Shehan*, 30 Minn. 419, (15 N. W. Rep. 687.) And this might be done in this action, although it was of a legal nature. *Jones* v. *Rahilly*, supra. In *Schurmeier* v. *Johnson*, 10 Minn. 250, (319,) the purpose of the parol evidence was not to show that the written obligation was intended as collateral security, and that it had been satisfied by the performance of the principal obligation, but it was sought to avoid the written agreement by parol evidence of a contemporaneous agreement, unperformed, that a different contract should be substituted for that embodied in the written instrument upon which a recovery was claimed.

The mortgagee being now dead, the plaintiff offered to prove, by the testimony of one Duffy, who was neither a party to the action nor interested in it, that the consideration of the mortgage and notes was such prior indebtedness of the mortgagor, which indebtedness it is admitted has now been satisfied. Such evidence was excluded as being prohibited by the statute. Gen. St. 1878, *c.* 73, § 8. That statute does not exclude the testimony of one not a party to the action, and not interested in the event thereof. *Marvin* v. *Dutcher*, 26 Minn. 391, (4 N. W. Rep. 685.) The evidence offered was admissible.

The plaintiff offered to show, by his own testimony, "independent of any conversation" had with the deceased, the consideration for the mortgage and notes. The statute as construed in *Chadwick* v. *Cornish*, 26 Minn. 28, (1 N. W. Rep. 55,) does not render the surviving party to the contract an incompetent witness, except as to conversations with or admissions of the deceased party. We understand the offer to have been rejected in part upon the theory that the witness was incompetent to testify upon the subject. We hold otherwise, in accordance with the decision last cited.

Judgment set aside, and a new trial awarded.