HAUKLAND *et al.* v. MINNEAPOLIS & ST. LOUIS R'Y. CO.

1. If a record, on appeal from a justice, was not transmitted to the circuit court within 15 days, as required by the statute, and no excuse for the delay is shown, the circuit court may dismiss the appeal.

2. Under Comp. Laws, § 6136, providing that on motion by appellee, made at any time, an appeal from a justice may be dismissed for failure to transmit the record within 15 days, mere delay in moving to dismiss is not a waiver of the right to a dismissal.

3. After a record on appeal from a justice was transmitted, and two days before it was filed with the clerk of the circuit court, appellee gave notice of hearing of a motion to dismiss the appeal, but the hearing was continued by consent of parties. Six months thereafter another motion to dismiss was filed. *Held,* that the appellee was not guilty of laches defeating his right to a dimissal.

4. On sustaining a motion to dismiss an appeal from a judgment for plaintiff obtained before a justice, the circuit court should merely dismiss the appeal, leaving the judgment of the justice remaining as if no appeal had been taken, and not enter judgment for plaintiff.

5. If a modification of a judgment on appeal does not affect the substantial rights of the parties, the respondents may recover their costs.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Grant county.    Hon. A. W. Campbell, Judge.

Action for damages.    From a judgment for plaintiffs before a justice of the peace, defendant appealed to the circuit court, where its appeal was dismissed.    Defendant appeals. Modified.

The facts are stated in the opinion.

*George W. Case,* for appellant.

The motion to dismiss the appeal came too late.    McDonald v. Thompson, 16 Col. 113;  Ricker v. Collins, 81 Tex. 662; *Ex parte* Ostrander, 1 Den. (N..Y.) 679.

*Thomas L. Bouck,* for respondents.

The papers were not transmitted in time.    § 6136, Comp. Laws; Edminster v. Rathbun, 3 S. D. 129, 52 N. W. 263.

HANEY, J.   This action was tried in justice's court, and judgment rendered therein, April 13, 1896.   April 28th defendant filed its undertaking on appeal.   April 30th plaintiffs excepted to the sureties.   May 9th defendant filed a second undertaking.   May 11th plaintiffs excepted to the sureties on this undertaking.   Neither of the sureties on either undertaking ever justified.   May 16th defendant filed a third undertaking, with two sureties, who had not signed either of the other undertakings.   June 9th the record was transmitted by the justice to the circuit court.   October 6th it was filed in the office of the clerk of that court.   October 4th plaintiffs noticed a motion to dismiss the appeal, which was not heard because of the continuance of the case, by consent of parties, on account of sickness of plaintiffs' attorney; and April 2, 1897, another motion to dismiss was served upon defendant's attorney.   Upon the second motion to dismiss, the court made the following order:   "The above entitled cause was brought on for hearing at the regular April, A. D. 1897, term of said court held at the court house in the city of Milbank, county of Grant, and State of South Dakota, on the 13th day of April, 1897, before Hon. A. W. CAMPBELL, judge of said court; and, upon notice duly given, a motion was made by plaintiff's counsel therein to dismiss the appeal of the defendant, on the ground of a failure on the part of the sureties' to justify before the justice before whom said action was tried, or at all, after exception to said sureties had been taken by the plaintiffs in said action; and it appearing that the said plaintiffs duly excepted to said sureties, and that neither they nor any other sureties justified before said justice according to law; or at all; and it further appearing that the records in said cause and transcript of the

docket of said justice was not filed in the office of the clerk of the circuit court within fifteen days after defendant had assumed to perfect said appeal; and it appearing to the court, from the reasons aforesaid, that said appeal should be dismissed: Therefore it is hereby ordered and adjudged that the appeal in this action of the defendant be, and the same is hereby, dismissed, and that the judgment of the justice court hereby is in all things affirmed. It is further ordered that the plaintiffs in this action do have and recover of the defendant the sum of $123.80, with interest thereon at the rate of seven per cent. per annum from the 13th day of April, 1896, and the sum of $33.60 costs and disbursements in this action to be hereafter taxed by the clerk of said court, making in all the sum of $157.40; and the defendant, by its counsel, duly excepted to the ruling of the court in dismissing said appeal, which exception was by the court allowed, and the clerk of said court is directed to enter judgment accordingly."

As to the second ground for dismissal of the appeal, the record shows that the papers were not transmitted to the clerk by the justice until June 9, 1896. If the appeal was ever perfected, it could not have been later than May 16th, 24 days before the papers were transmitted to the clerk, and over 3 months before they were filed in his office. Assuming it was competent to excuse this delay, no excuse was shown, and the trial court was justified in dismissing the appeal on this ground alone. Edminster v. Rathbun, 3 S. D. 129, 52 N. W. 263; Comp. Laws, § 6136.

Defendant's contention that plaintiffs' motion came too late is not tenable. The statute provides that the appeal shall be filed by the clerk on payment of his costs. "If not so filed

within fifteen days from the time such appeal was perfected, the same shall be dismissed by the order of the court, at any time thereafter, upon motion of the appellee, after three days' notice to the appellant or his attorney." Comp. Laws, § 6136. Under this statute, mere delay in making the motion cannot be construed as a waiver of the right to make it. Nor can any want of diligence be imputed to plaintiffs, in view of their first motion to dismiss and the reason it was not determined when noticed.

The court below did not err in dismissing the appeal, but its judgment must be modified. It should merely dismiss, leaving the judgment in the justice court, as if no appeal had been taken, and give plaintiffs judgment for the amount of their costs and disbursements in the circuit court. The action is remanded to the circuit court, with directions to modify its judgment as indicated herein. As this modification does not affect any substantial rights, respondents will recover the usual costs and disbursements.