## D. B. PARK AND S. R. PARK v. DEWEY ENSIGN, *Executor of the Estate of Daniel Ensign, deceased.*

### No. 753.   (63 Pac. 280.)

1. LANDLORD AND TENANT — *Fences — Damages — Liability of Landlord.*   Where a landlord whose fences are down refuses to rebuild the same or to permit his tenant to do so, he cannot insist, in an action for damages by the tenant, that his liability is to be limited to the amount required to rebuild the fence.

2. EVIDENCE — *Transactions with Deceased — Executor.* Section 322 of the code of civil procedure (Gen. Stat. 1897, ch. 95, § 333; Gen. Stat. 1899, § 4585) does not prohibit a party to an action pending between himself and the executor of an estate of a deceased person from testifying as to any matter relevant to the issues therein except as to transactions or communications had personally with the deceased.

3. ———— *Joint Liability — Communications with Deceased.* A person who is jointly liable upon the obligation sued on and has a separate suit pending to determine the extent thereof cannot testify in relation to conversations had by him with the deceased in relation to the matter in controversy.

Error from Johnson district court; JOHN T. BURRIS, judge. Opinion filed January 1, 1901. Reversed.

*H. L. Burgess,* for plaintiffs in error.

*I. O. Pickering,* for defendant in error.

The opinion of the court was delivered by

WELLS, J. : Daniel Ensign brought suit against the plaintiffs in error, D. B. Park and S. R. Park, for the sum of $232.10, as a balance due on a promissory note given for rent of land. In their answer, the defendants admitted the execution of the note, but alleged lack of consideration, and damage by reason of the fences around said rented land having been torn down by the road overseer, and said Daniel Ensign refusing to rebuild or allow them to be rebuilt, and prayed judgment in their favor for $600. The plaintiff filed a general denial in reply.

Pending this suit and before the trial thereof Daniel Ensign died, and the action was revived in the name of Dewey Ensign, as the executor of the estate of Daniel Ensign, deceased.

Upon the trial, the jury returned a verdict for the plaintiff against the defendants for the sum of $176.37,

and judgment was rendered accordingly.    To reverse this the cause is brought here for review.

The first allegation of error is in the exclusion of testimony.   One of the defendants was put upon the stand in his own behalf and on behalf of his co-defendant, and was asked in relation to the amount of live stock he had, what arrangements he had made for pasturing live stock on the rented land during the term of the lease, and the reasonable value of the pasture land on the rented farm.   The questions were objected to by the plaintiff as incompetent, irrelevant, and immaterial, and because the witness is incompetent, which objection was by the court sustained. Afterward the same witness was recalled by the defendants and he was not allowed to testify to anything in the case, each question being objected to as incompetent, irrelevant, and immaterial, and because the witness was incompetent in this case for any purpose, and the objection was by the court sustained. The evidence seems to have been excluded on the ground that the witness was incompetent to testify in this case under section 322 of the code (Gen. Stat. 1897, ch. 95, § 333 ; Gen. Stat. 1899, § 4585), the court remarking : "If this is a transaction between this party and the deceased, I think the witness is disqualified."   This was erroneous.   (*McKean v. Massey*, 9 Kan. 600 ; *Clary v. Smith*, 20 Kan. 83.) Most of the questions excluded were relevant, competent and material to the issues raised by the pleadings.   One of these questions was as to the amount of the damages sustained by the defendants by reason of the condition of the fence, if any such damage was sustained, and several of the questions excluded tended directly towards that issue.   The jury found that there was no damage sustained, but it seems

that they must have allowed some in making their general verdict, as we see no other reason for not allowing plaintiff his full claim.

As to the questions asked George B. Strother, to which objection was sustained by the court, we think the court committed no error. The witness was directly interested in the result of the suit, and the questions called for a personal communication between himself and the deceased, and we think that, under the authority of *Wills v. Wood*, 28 Kan. 400, this was properly excluded.

The defendants pleaded, and the jury found, that the original plaintiff refused to rebuild said fence or to permit the defendants to rebuild the same, and yet the court instructed the jury, in substance, that if the defendants took possession of the land with the fences down, it was their right and duty to rebuild said fences, and that the full extent of their damage could not exceed the necessary cost of rebuilding the same. This would probably be the correct rule in most cases; but the question that arises in this case is, Can a man forbid the doing of a thing and then insist that his rights are to be predicated upon the result of a disregard of his instruction? We think not. There was reversible error in the trial, and the judgment will be reversed and a new trial directed.