ALEXANDER v. RANSOM.

1.   Laws 1901, c. 105, §1, provides that in suits against administrators, etc., neither party, nor any one interested in the subject of the action, shall be allowed to testify adversly to the other party as to any trans-

action whatever with the decedent, unless called by the opposite party. Held, that a witness' statement that no action had been had for the recovery of the debts secured by a mortgage, which was the foundation of the suit, was not within the statute, though the mortgagor was dead.

2.  A person is not incompetent, under the statute, to testify as to a conversation which he heard between an intestate and a party's agent, though he was in company with the agent at the latter's request, and afterwards became the attorney of the party in the litigation.

3.  Comp. Laws, §4343, provides that a lien is not extinguished by lapse of the time within which an action can be brought on the principal obligation. Held, in an action to reinstate and foreclose a mortgage, that the introduction of the mortgage and note, upon which no payments were indorsed, and a witness' testimony that the face of the note was due, with interest from maturity, was sufficient to show the amount for which a foreclosure would lie, though the note was barred.

4.  Comp. Laws §4880, provides that persons severally liable on the same obligation, including notes, may all or any of them be included in the same action at the plaintiff's option. Held, that it was optional with the plaintiff, suing to reinstate and foreclose a mortgage of which he was assignee, to make the original mortgagee, who was his agent, a party.

(Opinion filed November 26, 1902.)

Appeal from circuit court, Minnehaha county; Hon. J. W. JONES, Judge.

Action by John Alexander, Jr., against Marguerite Ransom, as administratrix of the estate of Charles H. Ransom, deceased. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Hosmer H. Keith*, for appellant, *Davis, Lyon & Gates*, for respondent.

FULLER, J.  This action is against the administratrix and heirs of a deceased mortgagor to reinstate and foreclose a

mortgage on real property executed by Charles H. Ransom to Herbert J. Davenport and by the latter assigned to plaintiff on the 8th day of June, 1891. Payment in full and the statute of limitations are pleaded as defenses, and this appeal is from a judgment canceling the record of a complete satisfaction, and decreeing a foreclosure of the mortgage.

The evidence shows that on the 12th day of May, 1891, Charles H. Ransom executed and delivered the mortgage · to Herbert J. Davenport as security for his promissory note due on or before April 28, 1893, and the assignment of such mortgage, bearing date June 8, 1891, was not recorded until March 7, 1901, subsequently to the death of the mortgagor. While this assignment was being withheld from record, and on the 19th day of August, 1895, Davenport, as the mortgagee, duly executed and delivered the satisfaction to Ransom, the mortgagor, who placed the same of record on the 15th day of May, 1899. Davenport, at all times since executing the assignment and guarantying the payment of the indebtedness secured by the mortgage, has acted as the agent of respondent with reference to all matters pertaining to the subject of this action, and according to the testimony, was so acting when he executed and delivered such satisfaction of the mortgage to Ransom, since deceased. Over the objection of counsel for appellant, Davenport was allowed to testify "that no action or proceeding at law or otherwise has been had for the recovery of the debt secured by said mortgage, or any part thereof." At the request of, and in company with, Mr. Davenport, Park Davis, Esq., one of respondent's attorneys, visited the office of Mr. Ransom during his lifetime, and was allowed to testify that he heard a conversation between the parties, from which it appears

that the satisfaction of the mortgage was executed and conditionally delivered to Ransom with the understanding and agreement that such instrument was to be recorded only in case a sale of the property was effected and the mortgage indebtedness fully paid; that "Mr. Ransom said he placed it on record afterwards, but it ought not to be on record; * * * that he was willing to reinstate the mortgage, provided that Mr. Davenport would get the consent of Mr. Alexander, who was then the owner of the note and mortgage, to reduce the interest from 10 per cent., provided for in the note, to 6 per cent., both for the past interest and also for the future interest until the note was paid." The further testimony of the witness concerning the declarations of Davenport and Ransom at the conversation above mentioned, and relative to a subsequent interview the witness had with Ransom, is sufficient to justify the inference that the satisfaction was wrongfully recorded before the terms and conditions of its execution and delivery had been complied with, and the trial court so found. The resistance offered to the witness Davenport and his testimony is as follows: "Defendants object to the witness giving testimony with reference to the matters here in difference for the reason it appears in evidence that he is the mortgagee named in the mortgage which they seek to foreclose, and is a party in interest, and has had an interest in the subject-matter of this litigation, and has an interest at the present time, and is disqualified to give testimony under chapter 105 of the Laws of 1901." Section 1, c. 105, Laws 1901, which is relied upon by appellant, provides that: "In civil actions or proceedings by or against executors, administrators, heirs at law, or next of kin, in which judgment may be rendered or order entered, for or against

16 S. D.—20

them, neither party nor his assignor, nor any person who has or ever had any interest in the subject of the action adverse to the other party or to his testator or intestate, shall be allowed to testify against such other party as to any transaction whatever with, or statement by the testator or intestate, unless called to testify thereto by the opposite party." The testimony of. Mr. Davis was admitted over the following objection: "Defendants object to the witness giving any testimony with reference to a conversation had with Mr. Ransom in his lifetime with reference to the matter here in dispute, for the reason that it appears that the witness went there at the request of Mr. Davenport, who was then a party in interest, and whatever declarations were made at that time would be incompetent and such declarations as Mr. Davenport himself could not make or testify to, and that the witness represented him at that time at his request, stood in the same relation, so far as interest is concerned, as Mr. Davenport." Obviously, Davenport is not only the person to whom the mortgage foreclosed in this action was executed, and the guarantor of the debt secured thereby, but the party who actually executed and delivered the satisfaction sought to be canceled of record and adjudged to be of no effect. Although this witness is a person who once had, and may still have, an interest in the subject of the action adverse to appellant, his statement "that no action or proceeding at law or otherwise has been had for the recovery of the debts secured by said mortgage, or any part thereof," has no reference to the giving of such instrument, nor is it testimony relating to any statement by or transaction with the intestate. Death having sealed the lips of one of the parties to a conversation or transaction, an interested survivor might

be tempted to commit willful perjury, or at least give his indisputable testimony a favorable coloring, thereby obtaining an undue advantage over the representative of the decedent; and to prevent this the statute under consideration was enacted. It is clear, however, that the legislature has not made parties and other persons interested in an action of this character wholly incompetent as witnesses, but simply excludes their testimony as to any transaction or statement of the testator or intestate. As the various legal steps pertaining to the recovery of a debt by the foreclosure of a mortgage given to secure the same involves no statement by a deceased mortgagor, and are transactions against, rather than with, such person, testimony to the effect that no action or proceeding at law was ever instituted is not within the prohibition. Sharmer v. McIntosh, 43 Neb. 509, 61 N. W. 727; Clary v. Smith, 20 Kan. 83; Adams v. Allen, 44 Wis. 93; In re Taylor's Estate (Appeal of Ruffell), 154 Pa. 183, 25 Atl. 1061, 18 L. R. A. 855; Moores v. Wills, 69 Tex. 109, 5 S. W. 670; Britt v. Hall (Iowa) 90 N. W. 340. The contention that the court should have rejected the testimony of Mr. Davis, who heard the conversation between Davenport and the decedent, is clearly untenable, as the disqualifying interest contemplated by the statute must be in the event of the action. Prof. Greenleaf says that "it must be a legal interest, as distinguished from the prejudice or bias resulting from friendship or hatred, or from consanguinity, or any other domestic or social or any official relation, or any other motive, by which men are generally influenced; for these go only to the credibility." 1 Greenl. Ev. § 386. The witness was neither the agent nor attorney of either Davenport or respondent when he heard the conversation about which he testi-

fied, had no beneficial interest at any time within the meaning of the statute, and nothing to gain or lose by the operation or legal effect of the judgment to be entered. Such testimony was clearly admissible at common law, and the legislative policy is to enlarge, rather than restrict, as to the competency of witnesses. Bowers v. Schuler (Minn.) 55 N. W. 817; In re Dutcher (Minn.) 4 N. W. 685; Harrington v. Samples, 36 Minn. 200, 30 N. W. 671; Cary v. White, 59 N. Y. 336; Fuchs v. Fuchs, 48 Mo. App. 18; Nearpass v. Gilman, 104 N. Y. 506, 10 N. E. 894; Fowler v. Smith, 153 Pa. 639, 25 Atl. 744; Johnson v. Johnson, 52 Iowa, 586, 3 N. W. 661; 3 Jones, Ev. 791. As respondent's lien was not extinguished by the running of the statute of limitations, the introduction of the mortgage and the note, upon which no payments were indorsed, and the testimony of Mr. Davis that "the full face of the note was due, with interest from the day it matured," is sufficient to show the amount for which a foreclosure would lie, and there is no merit in the contention that the record conclusively shows payment in full, although the note is barred. Comp. Laws, § 4343; Cosand v. Bunker, 2 S. D. 295. 50 N. W. 84; Haukland v. Railway Co., 11 S. D. 493, 78 N. W. 958. While the remedy by an action at law upon the principal obligation is taken away by the operation of the statute, the debt evidenced thereby and secured by mortgage is enforceable in equity by a foreclosure during the legal existence of such mortgage, and the artificial presumption of payment from lapse of time may be overcome by any competent testimony. Pratt v. Huggins, 29 Barb. 277.

In the brief of counsel for appellants the point is first urged that the trial court was powerless to set aside the satisfaction of the mortgage without making Davenport a party to the

action, but, according to our view, the proposition was optional with respondent, and the complaint by appellant cannot now be heard, Comp. Laws, § 4880.

A careful examination of the entire record disclosed no error, and the judgment appealed from is affirmed.